Richard ZEITVOGEL, Petitioner,

v.

Michael BOWERSOX, Respondent.

No. 96–8164.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 4, 1996.

Decided Dec. 9, 1996.

Before FAGG and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

## ORDER

FAGG, Circuit Judge.

Richard Zeitvogel, a Missouri inmate sentenced to death for killing his cellmate, Gary Dew, has applied to us for an order authorizing the district court to consider a second habeas petition. *See* Antiterrorism and Effective Death Penalty Act of 1996, § 106(b), Pub.L. No. 104–132, 110 Stat. 1217 (1996) (to be codified at 28 U.S.C. § 2244(b)). We deny Zeitvogel's motion, under both the Act and pre-Act law.

Using a new conflict of interest label to reassert an old ineffective assistance of trial counsel claim, Zeitvogel seeks a second habeas action. Zeitvogel wants to pursue a Sixth Amendment claim that his trial attorney's assistance was ineffective because the attorney knew of prison investigative files and a county offense report showing Zeitvogel identified Dew in an attack on another inmate in the prison chapel, but the attorney did not introduce the documents at trial. According to Zeitvogel, this evidence would have strengthened his self-defense claim by showing Dew had a motive to kill him. Zeitvogel contends the attorney did not introduce the documents because the attorney had a conflict of interest, namely, before Dew's death the attorney had represented Dew on assault charges arising from the attack in the prison chapel, and had supposedly shown Dew the documents naming Zeitvogel as an informant.

In our view, Zeitvogel's motion raises nothing new. Zeitvogel's assertion that his self-defense claim could have been strengthened by evidence of Dew's motive to attack Zeitvogel has been raised and rejected before. In his first habeas petition, Zeitvogel argued his trial attorney was ineffective for not calling certain inmates to testify that Dew believed Zeitvogel had informed prison authorities about Dew's attack in the chapel, and Dew wanted revenge. *See Zeitvogel v. Delo*, 84 F.3d 276, 282 (8th Cir.1996). At Zeitvogel's trial, however, other inmates had testified that Dew had threatened to kill Zeitvogel and the two men had quarreled on the day of Dew's death. *See id.* Like the state postconviction court, where Zeitvogel raised his ineffective assistance claim without presenting any evidence about the chapel incident, we concluded the testimony of the additional inmates was "little more than [a] rehash of the testimony given by [the inmates who testified at Zeitvogel's trial]." *Id.* In addition, the physical evidence did not support Zeitvogel's claim that he strangled Dew with a sheet in self-defense during a struggle, but instead showed Zeitvogel strangled Dew from behind with a wire, then waited for three hours before summoning help. *See id.* at 278. Thus, we held Zeitvogel had not shown trial counsel's failure to call the additional witnesses prejudiced him. *See id.* at 283.

As we see it, the documents Zeitvogel now wants presented have less persuasive force than the self-defense evidence presented by Zeitvogel's attorney during trial. The documents showed only that Zeitvogel stated an inmate called "Crazy" (Dew's "yard name") was involved in the chapel assault, and Zeitvogel could not identify him. Rather than

presenting this somewhat peripheral evidence of Dew's motive, the attorney presented the more concrete self-defense evidence that Dew actually threatened to kill Zeitvogel. *See id.* at 282. Although this threat gave the jury a clear understanding of Dew's intent, the jury rejected Zeitvogel's claim of self-defense. The attenuated evidence of motive in the documents does not come close to establishing Zeitvogel's actual innocence of Dew's murder. *See Schlup v. Delo,* 513 U.S. 298, ——, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). Zeitvogel also cannot show prejudice from his attorney's failure to present the tenuous evidence at trial. Thus, the merits of Zeitvogel's successive claim cannot be considered. *See Zeitvogel,* 84 F.3d at 279 (stating pre-Act exceptions of cause and prejudice, and actual innocence); *Felker v. Turpin,* 83 F.3d 1303, 1307 (11th Cir.1996) (same); 28 U.S.C. § 2244(b)(3) (as amended).

In an effort to disguise his successive ineffective assistance claim, Zeitvogel alleges a conflict of interest is the reason why the attorney did not introduce the documents. This allegation is a red herring. Even if the attorney had told Dew that Zeitvogel had implicated Dew in the chapel assault, Dew was dead and the attorney simply chose not to use the motive evidence in Zeitvogel's trial. This choice is a question of trial strategy and effective representation, not of conflicting interest. There was no conflict, and Zeitvogel's suggestion that the attorney did not present the evidence because of his former representation of Dew is no more than unfounded speculation.

In sum, Zeitvogel is not entitled to have his claims heard in a second habeas action. Zeitvogel cannot satisfy the Act's requirements in 28 U.S.C. § 2244(b). Zeitvogel also loses under pre-Act exceptions. Further, Zeitvogel did not assert actual innocence in his first habeas petition or develop an actual innocence argument in his first habeas brief to this court, *see* 84 F.3d at 279, even though first habeas counsel asserted in their 1994 brief that Dew had learned from his attorney that Zeitvogel cooperated in the assault investigation and identified Dew as an assailant, *see* Brief for Appellant at 51–52, *Zeitvogel v. Delo,* 84 F.3d 276 (8th Cir.1996) (No.

94–2976). Having rejected Zeitvogel's claim under pre-Act law, we need not consider his constitutional challenge to the new standard in § 2244(b), as amended. Besides, the challenge was rejected in *Felker v. Turpin,* —— U.S. ——, —— – ——, 116 S.Ct. 2333, 2339–40, 135 L.Ed.2d 827 (1996) (judgments about scope of habeas writ are normally for Congress; new restrictions on second habeas petitions do not amount to suppression of writ).

We thus deny Zeitvogel's motion for an order authorizing the district court to consider his second habeas petition. We also deny Zeitvogel's motion for a stay of execution because there are not substantial grounds on which relief might be granted. *Delo v. Stokes,* 495 U.S. 320, 321, 110 S.Ct. 1880, 1881, 109 L.Ed.2d 325 (1990) (per curiam). Last, we deny the motion for appointment of second habeas counsel as moot.