Donald BENNETT, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 97–9071.

United States Court of Appeals, Seventh Circuit.

Submitted June 13, 1997.

Decided July 8, 1997.

Donald R. Bennett (submitted), Metropolitan Correctional Center, Chicago, IL, for Petitioner.

Barry Rand Elden, Chief of Appeals, Office of the United States Attorney, Criminal Division, Chicago, IL, for Respondent.

Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.

POSNER, Chief Judge.

This is a successive application for leave to file a motion under 28 U.S.C. § 2255 challenging the applicant's conviction affirmed in *United States v. Bennett*, 908 F.2d 189 (7th Cir.1990). It is his second application—the first having been denied in *Bennett v. United States*, 119 F.3d 468 (7th Cir. 1997)—but if granted it would permit him to file his fourth motion under section 2255. The application presents two questions that

warrant consideration in a published opinion. The first is whether the application should be denied insofar as it merely repeats a claim in a previous application. The answer may seem obviously "yes." But the actual statutory language—a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed," 28 U.S.C. § 2244(b)(1) (made applicable to section 2255 motions by the eighth paragraph of section 2255)—would if read literally authorize the denial of the application for leave to file a successive motion only if the applicant had presented the claim in a previous 2254 or 2255 motion, as distinct from an application to file such a motion. The repetition in Bennett's present application is of claims made in his previous application for leave to file a section 2255 motion and we denied that application, so that the claim was never made in a section 2255 motion itself.

The phrase "second or successive habeas corpus application under section 2254 [or 2255]" is, no doubt, more naturally read to refer to the motion than to the application for leave to file the motion. But in this instance the natural reading cannot be right. *Public Citizen v. United States Department of Justice*, 491 U.S. 440, 454, 109 S.Ct. 2558, 2567, 105 L.Ed.2d 377 (1989); *Bryant v. Madigan*, 84 F.3d 246, 248–49 (7th Cir.1997); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 326–27 (7th Cir.1995). It would mean that applicants for leave to file a successive section 2255 motion (or petition for habeas corpus) whose previous application had had enough colorable merit to be granted would be treated worse than those applicants whose previous application had been denied because of the obvious lack of merit of the motion or petition sought to be filed. We hold that denial of the application is an adjudication of the (in)sufficiency of the motion or petition, for otherwise prisoners would be able to file an endless series of meritless applications for leave. But this is provided that the previous application was denied on the merits—as it was in this case—rather than returned or otherwise rejected for unrelated reasons, such as the applicant's failure to pay the filing fee or to exhaust his state remedies or to submit all the required documents with his application. *Felder v. McVicar*, 113 F.3d 696 (7th Cir. 1997); *Benton v. Washington*, 106 F.3d 162 (7th Cir.1996).

■ The second question is whether an applicant may reserve for a successive motion a ground that he could have raised but did not raise in a previous one. In his previous application, Bennett contended that he would have been acquitted had not the prison doctors administered to him during his trial a powerful psychotropic drug. We rejected that contention and he has come back with a citation to *Riggins v. Nevada*, 504 U.S. 127, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992), which he claims establishes a new rule of constitutional law forbidding the forced administration of psychiatric drugs to criminal defendants undergoing trial, yet a rule that *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), makes retroactive, and hence available to Bennett even though he was convicted before *Riggins* came down. The claim is obviously without merit, if only because the Supreme Court has not declared *Riggins* retroactive; and only when a decision has been specifically declared retroactive by the Supreme Court may it be used as the basis for a successive motion for habeas corpus or its counterpart for federal prisoners such as Bennett. 28 U.S.C. §§ 2244(b)(2)(A), 2255; 7th Cir. R. 22.2(a)(2); *In re Vial*, 115 F.3d 1192, 1195–98 (4th Cir. 1997) (en banc); *In re Hill*, 113 F.3d 181, 184 (11th Cir.1997) (per curiam). Obviously *Riggins* was not declared retroactive in *Teague*, decided three years earlier; *Riggins* itself does not declare its holding retroactive; nor does any subsequent case.

■ The broader question is whether Bennett's invocation of *Riggins* counts as a new, albeit unmeritorious claim, or is merely the repetition with variations of an old, rejected one—the claim of newly discovered evidence that his conviction was procured by the administration to him of a psychotropic drug. It is the latter. The habeas corpus statute and section 2255 do not define "claim," but we take it to bear its usual meaning in federal pleading of a set of facts giving rise

to a right to a legal remedy. E.g., *Perkins v. Board of Trustees*, 116 F.3d 235, 237 (7th Cir.1997); *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1279 n. 15 (7th Cir.1983); *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir.1943); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1324 (2d ed.1990); cf. *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir.1990). The claim that Bennett's conviction was vitiated by the administration of a drug encompasses all the legal theories that might allow the claim to succeed, including the theory that the claim is supported by a decision, *Riggins*, that although decided after Bennett was convicted (and his direct appeals exhausted) is available for his use in postconviction proceedings. The theory is new; the claim is not. A rehashed claim is not a new claim. *In re Mills*, 101 F.3d 1369, 1370 (11th Cir.1996) (per curiam). The application must therefore be denied in its entirety for failure to present a new claim. *Horn v. Transcon Lines, Inc., supra*, 898 F.2d at 592 ("different theories of relief are one 'claim' ").

■ We add for completeness that even if Bennett's argument from *Riggins* were deemed a new claim, this would not help him. You cannot file a successive habeas corpus or section 2255 case on the basis of a claim that is not newly available. 28 U.S.C. § 2244(b)(2)(A); *In re Medina*, 109 F.3d 1556, 1565 (11th Cir.1997) (per curiam); *Collins v. Johnson*, 89 F.3d 210, 216 (5th Cir. 1996). *Riggins* was decided long before Bennett filed his previous application for leave to file a section 2255 motion attacking his conviction on the basis of the administration of the psychotropic drug to him.

DENIED.