**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-8201
_____

Samuel Lee McDonald,            *
                                *
        Petitioner,             *
                                * On Motion for an Order
    v.                          * Authorizing    a    Second
Petition
                                * for Writ of Habeas Corpus.
Michael Bowersox,               *
                                *     [PUBLISHED]
        Respondent.             *
                                _____

        Submitted:  September 19, 1997
                                Filed: September 22,
1997
                                _____

Before McMILLIAN, WOLLMAN, and MAGILL, Circuit Judges.
                                _____

PER CURIAM.


     Samuel  Lee  McDonald  was  convicted  by  a  jury  in
Missouri state court of capital murder and sentenced to
death.  McDonald's execution is currently scheduled for
September 24, 1997, at 12:01 a.m.  The district court for
the  Eastern  District  of  Missouri  denied  McDonald's
initial federal habeas petition, see McDonald v. Delo,
897 F. Supp. 1224 (E.D. Mo. 1995) (McDonald I), and this
Court affirmed.  See McDonald v. Bowersox, 101 F.3d 588
(8th Cir. 1996) (McDonald II), cert. denied, 117 S. Ct.

2527 (1997).  McDonald now moves this Court for permission to file a successive

federal habeas petition.  See 28 U.S.C.A. § 2244(b)(3)(A) (West Supp. 1997).  We deny this motion.

## I.

On May 16, 1981, McDonald robbed and murdered off-duty police officer Robert Jordan while Officer Jordan's eleven-year-old daughter Rochelle watched.  McDonald was convicted of capital murder and sentenced to death on February 24, 1982.

During the ensuing decade-and-a-half, McDonald pursued post-conviction and collateral relief in federal and Missouri state courts, seeking to overturn his conviction and sentence.  See McDonald II, 101 F.3d at 591-92 (describing history of litigation).  In 1989, McDonald filed his first federal habeas petition pursuant to 28 U.S.C. § 2254 (1988).  McDonald raised over fifty claims in his first federal habeas petition, including a claim that his trial attorney rendered ineffective assistance of counsel by failing to notify the trial court that McDonald intended to rely on a defense of mental disease or defect.

To support his claim of ineffective assistance of counsel, McDonald relied on the 1986 post-trial testimony of Dr. John Waite.  Dr. Waite testified that McDonald suffered from Post-Vietnam Syndrome, a form of post-traumatic stress disorder experienced by veterans of the war in Vietnam.  As McDonald stated, "Dr. Waite concluded that [McDonald's] loss of control and 'trained' hyper-arousal due to Post-Vietnam Stress Disorder, caused [McDonald] to act in an impulsive manner, impaired or

extinguished his ability to deliberate, and rendered him incapable of reflection." Appellant's Br. in Case No. 95-3863 at 9. The district court rejected McDonald's claim of ineffective assistance of counsel, see McDonald I, 898 F. Supp. at 1249-50, and this Court affirmed. See McDonald II, 101 F.3d at 595. In affirming, we noted that McDonald had failed to demonstrate prejudice arising from his counsel's alleged

ineffectiveness because "there was minimal evidence tending to prove that McDonald had a mental disease or defect."  Id.

In his instant motion for permission to file a successive habeas petition, McDonald states that his proposed petition

> raises one ground of constitutional error: whether Mr. McDonald would be deprived of due process of law and subjected to cruel and unusual punishment, in violation of his rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, if his execution was permitted to proceed without reconsideration of the issue concerning the jury's failure to learn of the genesis, existence, and effect of Mr. McDonald's psychiatric illness prior to its recommendation that he be put to death.  The passage of time and evolution of diagnostic techniques and capabilities have rendered it constitutionally and morally incomprehensible in 1997 that a decorated Vietnam veteran actively suffering from service-related post-traumatic stress disorder might be executed after a trial in which no mention was made of his mental illness and diminished capacities.  These claims are successive, in that they were not presented in petitioner's prior application for habeas corpus relief pursuant to 28 U.S.C. § 2254.  This successive petition should not be dismissed, however, because the factual predicate for the claims could not have been discovered previously through the exercise of due diligence . . . .

Mot. to Authorize the Filing of a Successive Habeas Pet. and for Stay of Execution of His Sentence of Death at 2

(Sept. 19, 1997) (Motion).  While the body of McDonald's instant motion makes extensive references to Dr. Waite's testimony, <u>see, e.g.</u>, <u>id.</u> at 6-7, nn. 5-6, it does not refer to any evidence not presented during the adjudication of McDonald's first federal habeas petition. Rather, McDonald merely asserts that "[t]his Court should grant Petitioner Permission to file a Successive Habeas Corpus Petition so that the federal courts can determine the appropriateness and the constitutionality of permitting an individual to be executed when the trial was originally reviewed for

constitutional error in both state and federal courts based on notions about science which are no longer valid." Id. at 9.

## II.

The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1217 (1996) (AEDPA), "changed the conditions under which second or successive applications [for federal habeas relief] may be considered and decided on their merits." Ruiz v. Norris, 104 F.3d 163, 164 (8th Cir. 1997), petition for cert. filed, (U.S. Jan. 7, 1997) (No. 96-7352). Pursuant to the relevant sections of the AEDPA, codified at 28 U.S.C. § 2244(b),

> (1) A claim presented in a second or successive habeas corpus application under [28 U.S.C.] section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under [28 U.S.C.] section 2254 that was not presented in a prior application shall be dismissed unless--

>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2244(b)(1) & (2) (West Supp. 1997).

The claim that McDonald wishes to raise in a successive habeas petition--that because of McDonald's mental illness it is a violation of the United States Constitution to execute him--shares the same factual predicate as his prior claim of ineffective assistance of counsel based on counsel's failure to pursue a mental disease or defect defense.  It is therefore likely that this proposed claim would be barred by 28 U.S.C.A. § 2244(b)(1) as a claim already raised in an initial habeas petition.  Cf. Wainwright v. Norris, 1997 WL 469583, at *2 (8th Cir. Jan. 2, 1997) (interpreting § 2244(b)(1)); Zeitvogel v. Bowersox, 103 F.3d 54, 55-56 (8th Cir. 1996) (same).  Even assuming, however, that this is a "new claim" for purposes of § 2244(b), it is apparent that McDonald has failed to satisfy the conditions of either § 2244(b)(2)(A) or (B).

McDonald does not contend that his successive habeas claim relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review, and § 2244(b)(2)(A) therefore does not apply.  See Ruiz, 104 F.3d at 165 (interpreting § 2244(b)(2)(A)).  Despite McDonald's assertions to the contrary, it is apparent that § 2244(b)(2)(B) also does not apply.

To support his claim of a constitutional error, McDonald points only to psychiatric evidence that was available in 1986.  McDonald filed his initial federal habeas petition in 1988.  McDonald does not attempt to explain in what manner this evidence "could not have been

discovered previously" so that he could not have raised his proposed successive habeas claim in his initial federal habeas petition. Given that McDonald explicitly relied on Dr. Waite's testimony during the adjudication of his initial federal habeas petition, it is obvious that this evidence was previously available to him.

In his motion, McDonald asserts that "[t]he scientific ability to diagnose and treat [his] mental affliction has progressed over the past ten years." Motion at 11.

McDonald has neither supported this assertion, nor has he explained how such improvement, if it can be assumed to exist, constitutes new evidence. Accordingly, we conclude that McDonald has failed to meet the requirements of § 2244(b)(2)(B). Because McDonald has failed to meet these requirements, we must deny his motion for authorization to file a successive habeas petition. See 28 U.S.C.A. § 2244(b)(3)(C) (West Supp. 1997) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.").

Finally, McDonald argues that, even if he has not met the requirements of § 2244(b)(2)(B), his "[a]pplication cannot be denied because Petitioner is a death row prisoner who offers persuasive evidence of his innocence of first degree murder, and the dismissal of this application would lead to the execution of a person innocent of a capital crime . . . ." Motion at 2-3. We disagree. There is no doubt whatsoever that McDonald is the person who brutally ended the life of Officer Robert Jordan, and we have previously rejected McDonald's argument that there exists persuasive evidence that McDonald should not be held culpable for his conduct. See McDonald II, 101 F.3d at 595. Accordingly, we need not decide whether, and in what circumstances, a claim of actual innocence can allow us to waive § 2244(b)(2)'s requirements for our approval of a successive habeas petition.

For the foregoing reasons, McDonald's motion for approval to file a successive federal habeas petition is denied. We also deny McDonald's motion for a stay of execution "because there are no substantial grounds on which relief might be granted by this court." Wainwright, 1997 WL 469583, at *3 (citing Delo v. Stokes, 495 U.S. 320, 321 (1990) (per curiam)).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.