United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-3486
_____

Samuel Lee McDonald,          *
                              *
        Appellant,            *
                              *
Charles W. Armentrout, III,   *
                              *  Appeal  from  the  United
States
        Plaintiff,            *  District Court for the
                              *  Eastern    District    of
Missouri.
    v.                        *          [PUBLISHED]
                              *
Mel Carnahan; Jay Nixon; Duane                        *
Benton, Chief Justice, Missouri State                 *
Supreme Court; Dora Schriro; Michael                  *
Bowersox,                     *
                              *
        Appellees.            *
                        _____

         Submitted:  September 22, 1997
                          Filed: September 22,
1997
                  _____

Before McMILLIAN, WOLLMAN, and MAGILL, Circuit Judges.
                  _____

PER CURIAM.

    Samuel Lee McDonald is a Missouri state prisoner
scheduled to be executed on September 24, 1997, at 12:01
a.m. for the capital murder of off-duty police officer

Robert Jordan.  On September 17, 1997, McDonald filed a pro se 42 U.S.C. § 1983 action challenging provisions of the Missouri Prison Litigation Reform Act, 1997 Mo. Legis. Serv. S.B. No. 56 (Vernon's) (Missouri PLRA), and the Department of Corrections Locker Policy.  The district court[1] dismissed McDonald's claims as speculative and frivolous, see McDonald v. Carnahan,  No. 4:97-CV-1927-CDP, slip op. at 5-6 (E.D. Mo. Sept. 19, 1997), and denied McDonald's request for a stay of execution.  See id. at 6.

McDonald has now filed a pro se notice of appeal with this Court and has moved pro se for a stay of execution. Immediately prior to filing the instant motion for a stay of execution, McDonald, through counsel, also moved this Court for permission to file a successive habeas corpus petition under 28 U.S.C.A. § 2244(b) (West Supp. 1997) and for a stay of execution.  We have denied these prior motions.  See McDonald v. Bowersox, No. 97-8201 (8th Cir. Sept. 22, 1997) (per curiam).  We similarly deny McDonald's instant motion for a stay of execution.

We have explained that:

The death penalty is the ultimate penalty, but that fact alone does not require a stay of execution when legal challenges are raised. After completion of direct review, a presumption of finality and legality attaches to the conviction and sentence.  A stay of execution pending disposition of a § 1983 suit should be granted only if there are substantial grounds on

---

[1]The Honorable Cathleen D. Perry, United States District Judge for the Eastern District of Missouri.

which relief might be granted.  <u>The burden is on the movant to make this showing.</u>

<u>Perry v. Brownlee</u>, No. 97-3101, slip op. at 4 (8th Cir. Aug. 4, 1997) (quotations and citations omitted) (emphasis added).  McDonald has failed to meet this burden.

In his § 1983 complaint, McDonald contends that the Missouri PLRA constitutes a violation of McDonald's constitutional rights because he was "told that [inmates] cannot file any state habeas corpus, or petitions challenging their convictions unless they submit copies of their prison account and pay the full cost . . . ." Notice and Pet. for Temporary Restraining Order, Requesting Preliminary Injunction, and and (sic) Order to Show Cause Why the Injunction Should Not be Made Permanent Requesting Appointment of Counsel Giving Notice to the Defs. at 4, ¶ 9 (referencing the Missouri PLRA) (Notice). As the district court noted, "plaintiff McDonald does not even state that he has even attempted to file an action with the Missouri Supreme Court. He only states that he has 'been told' that he cannot file a state habeas unless he [complies with the Missouri PLRA and] submits copies of his prison account statement and pay[s] the full cost. This claim is purely speculative as this Court does not know how Missouri courts will interpret the [Missouri PLRA] or what they would even require from a death row inmate facing execution to file a writ of habeas corpus." McDonald, No. 4:97-CV-1927-CDP, slip op. at 5.

McDonald also contends that the Department of Corrections Locker Policy requires that inmates keep their personal possessions in "t[w]o very small tubs, and that aside from all their state clothing, and necessities, they will be given disciplinary violations for having any legal files in their possession that will not fit in the tub[s.]" Notice at 4, ¶ 8. As the district court noted, McDonald does "not allege that [he has] suffered an actual injury to pending or contemplated

legal claims because of" the Department of Corrections Locker Policy.  McDonald, No. 4:97-CV-1927-CDP, slip op. at 6.

Because McDonald has failed to demonstrate that "there are substantial grounds on which relief might be granted," Perry, No. 97-3101, slip op. at 4, we deny his motion for a stay of execution.  Because McDonald's § 1983 action is frivolous, we summarily dismiss his appeal of the district court's dismissal of his § 1983 action. See

8th Cir. R. 47A(a) ("The court will dismiss the appeal if it is . . . frivolous and entirely without merit.").[2]

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Charles W. Armentrout, III raised § 1983 claims along with McDonald in McDonald's suit in the district court. See McDonald, No. 4:97-CV-1927-CDP, slip op. at 1. It does not appear that McDonald's notice of appeal includes Armentrout, see Mot. for Leave to File an Appeal In Forma Pauperis and Request for Emergency Stay at 1 (Sept. 20, 1997), and it appears that Armentrout's factual predicate for his claims differs somewhat from McDonald's. See McDonald, No. 4:97-CV-1927-CDP, slip op. at 5. Accordingly, our dismissal of McDonald's appeal is without prejudice as to any appeal Armentrout may bring.