In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3048

Salvador A. Hernandez,

Petitioner,

v.

United States of America,

Respondent.


On Motion for an Order Authorizing the District Court
To Entertain a Second or Successive
Motion for Collateral Review.


Submitted August 18, 2000--Decided September 1, 2000/*


Before Ripple, Diane P. Wood, and Evans, Circuit
Judges.

Diane P. Wood, Circuit Judge.  As he is required
to do under 28 U.S.C. sec. 2244(b)(3), Salvador
Hernandez has applied for an order from this
court authorizing the district court to consider
a second or successive motion for collateral
review under 28 U.S.C. sec. 2255. In his proposed
motion, he wishes to argue that the Supreme
Court's recent decision in Apprendi v. New
Jersey, 120 S. Ct. 2348 (2000), announces a new
rule of constitutional law that should apply to
his case, implicitly invoking 28 U.S.C. sec. 2255
para. 8(2). See also Castillo v. United States,
120 S. Ct. 2090 (2000). There are two problems
with this position: first, the Supreme Court has
not yet had an occasion to consider whether
Apprendi should be applied retroactively to cases
on collateral attack (another requirement of sec.
2255 para. 8(2)), and second, there is no
Apprendi problem in any event in Hernandez's
particular case. We explain both of these points
briefly, and deny Hernandez's application.

The offense and conviction that lie behind
Hernandez's present application were for
conspiracy to kidnap, 18 U.S.C. sec. 1201(c), and
kidnapping, 18 U.S.C. sec. 1201. Under the U.S.
Sentencing Guidelines, the base offense level for
kidnapping is 24, and that level can be increased

depending on a number of specific offense characteristics. See U.S.S.G. sec. 2A4.1. Depending on the criminal history category that applies to the individual defendant, a level 24 carries with it a sentencing range from 51 to 63 months (criminal history category I) to 100 to 125 months (criminal history category VI). Obviously, those ranges increase as the offense level goes up under sec. 2A4.1(b). During the sentencing proceedings, the district court made upward adjustments to Hernandez's offense level under sec. 2A4.1(b)(1) (ransom demand or demand upon government, for six levels), sec. 2A4.1(b)(3) (use of a dangerous weapon, for two levels), and sec. 2A4.1(b)(4)(B) (victim not released before seven days had elapsed, for one level). With these adjustments and his criminal history, his final sentence was for 200 months. This court affirmed both his convictions and his sentence on direct appeal. See United States v. Hernandez, 106 F.3d 737 (7th Cir. 1997).

Hernandez is now trying to file a second or successive motion under 28 U.S.C. sec. 2255. We must first decide whether presentation of a claim under a new Supreme Court decision at a time before the Court has announced whether it is retroactively applicable to cases on collateral attack amounts to an "adjudication" of that claim or not. If the answer is yes, then our disposition of Hernandez's application will have an effect on any future applications he may file; if it is no, and if his claim cannot be disposed of otherwise, then he would be entitled to another bite at the apple.

Any claim that was presented in an earlier motion or application must be dismissed, under 28 U.S.C. sec. 2244(b)(1) (for sec. 2254 cases) and 28 U.S.C. sec. 2255 para. 8. What happens, however, if the earlier claim rests on a new rule of constitutional law for which the Supreme Court has not yet announced a decision about retroactivity? It is clear from the language of sec. 2255 para. 8(2) that the earlier application would have had to be denied, for the simple reason that it did not satisfy the statutory requirement of relying on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (Emphasis added.) See Bennett v. United States, 119 F.3d 470 (7th Cir. 1997). But the real question is whether such a denial should be regarded as analogous to a non-merits dismissal like a failure to exhaust state remedies. In Gray-Bey v. United States, 209 F.3d 986 (7th Cir. 2000), we indicated that a new rule that is retroactive for purposes of collateral attack is not "available" for a sec. 2255 motion until the Supreme Court has clearly ruled that

this is the case. Id. at 988 ("[b]ut for purposes of sec. 2255 para. 8(2) a rule is 'unavailable' until the Supreme Court renders its decision, for it is the high court's decision that must be held retroactive (as Bailey [v. United States, 516 U.S. 137 (1995)] was held retroactive by Bousley [v. United States, 523 U.S. 614 (1998)]"). Under that logic, it follows that potentially meritorious claims that rely on new rules of constitutional law are not ripe for presentation until the Supreme Court has ruled on the retroactivity question. Just as we do with applications relying on unexhausted claims, we would dismiss such an application without prejudice to re-filing at such time as the Court renders a decision in favor of retroactivity.

Dismissal without prejudice is not required, however, if there are alternate grounds for resolving the claim once and for all at the time it is presented. That is the case with Hernandez, since we are able to ascertain from the face of his application that Apprendi cannot possibly be of any help to him. Hernandez reasons that the additional facts that supported the upward adjustments under the Sentencing Guidelines, such as his demand for a ransom, were facts that should have been charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt, under the rule announced in Apprendi. In so arguing, however, he overlooks the distinction between the prescribed statutory maximum and the various levels of punishment authorized by the Sentencing Guidelines. See United States v. Cepero, 2000 WL 1161010 at *13 n.5 (3d Cir. Aug. 17, 2000). The kidnapping statute clearly authorizes a sentence for "any term of years or for life" for  both the substantive offense created in 18 U.S.C. sec. 1201(a) and the conspiracy offense of 18 U.S.C. sec. 1201(c). Thus, the prescribed statutory maximum, which is what concerned the Apprendi Court, is life imprisonment (and in some narrow circumstances not relevant to Hernandez, death).

The Sentencing Commission, as it is charged to do, issued guidelines prescribing various sentencing levels within those statutory limits. The fact that different levels under the statutory maximum depend on proof of various aggravating facts is not enough to make those facts "elements of the offense" rather than "sentencing factors." Indeed, we rejected a similar argument in United States v. Smith, Nos. 98-1501 et al., 2000 WL 1160801 (7th Cir. Aug. 17, 2000). In Smith, some of the defendants argued that 21 U.S.C. sec. 848(b), which makes a life sentence mandatory for certain leaders of a continuing criminal enterprise, created a new offense or merely affected the sentencing range

for all those convicted of violating that statute. We held that because the range for all violations of sec. 848 included life in prison, sec. 848(b) did not increase the prescribed statutory maximum and the facts required to invoke it were thus sentencing factors, not elements of the offense. Id. at *7. The same is true here, with even greater force, since the only issue concerns different levels well within a single prescribed statutory maximum.

Because the rule of Apprendi can therefore be of no use to Hernandez, there is nothing in his application that would justify granting permission to file a second or successive motion, and it is hereby Denied.

/* This opinion was originally released in typescript.