Anthony BELL, Petitioner,

v.

UNITED STATES of America, Respondent.

Docket No. 02–3564.

United States Court of Appeals, Second Circuit.

Submitted: May 20, 2002.

Decided: July 24, 2002.

---

Anthony BELL, Fairton, NJ, for Petitioner (pro se).

Before WALKER, Chief Judge, JACOBS and LEVAL, Circuit Judges.

PER CURIAM.

Anthony Bell, imprisoned on a 180–month sentence for conspiracy to possess with intent to distribute cocaine and cocaine base and possession with intent to distribute cocaine and cocaine base, filed an application for leave to file a successive habeas petition under 28 U.S.C. § 2255. We denied his application by an order filed May 29, 2002 for the reasons set forth in this opinion. *See* 28 U.S.C. § 2244(b)(3)(D) (requiring court of appeals to act on an application for leave to file a successive habeas petition within thirty days). Bell argues that his claim is based on newly discovered evidence that "his conviction was secured through the use of false or perjured testimony of a 'crooked cop,' who [has] recently been convicted of

federal drug charges," and that his conviction violated *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), because the government knew that the police officer in question was under investigation for federal drug charges at the time of trial. We conclude that, although Bell makes a prima facie showing that his claim is based on newly discovered evidence, his application does not make a prima facie showing that "no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255. Consequently, we deny his application without prejudice to his renewing his application with more information that would allow us to evaluate his claim.

## BACKGROUND

The factual background to this case is sparsely elaborated in Bell's application. Bell was convicted on drug charges in January 1998. In January 2002, Schenectady Police Department Lieutenant Michael F. Hamilton, Jr., was convicted after a jury trial on federal charges of aiding and abetting a crack house and using a cell phone to tip off an informant that her home was under police investigation. Bell states in his application that Hamilton was the "chief witness" at his trial. However, Bell provides no details on the amount of other evidence introduced against him, what Hamilton testified to, or whether his case was at all connected to the drug conspiracies in which Hamilton participated. Furthermore, although he alleges that the government failed to turn over exculpatory evidence that could have been used to impeach Hamilton, he provides no evidence on whether the government knew of Hamilton's misconduct at the time of trial. The newspaper article that Bell appended to his application states that the investigation into Hamilton's activities began in Au-

gust 1999, more than six months after Bell's conviction.

## DISCUSSION

Under § 2255, a successive habeas petition must be:

certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Section 2244, in turn, provides that an application may be granted "only if [the court of appeals] determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). Following other federal courts that have ruled on the issue, we agree that the language "as provided in section 2244" incorporates the prima facie standard into our consideration of successive habeas applications under § 2255 and that the same standard applies to both state and federal successive habeas applications. *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir.1997).

A prima facie showing is not a particularly high standard. An application need only show sufficient likelihood of satisfying the strict standards of § 2255 to "warrant a fuller exploration by the district court." *Bennett*, 119 F.3d at 469. However, the application must address all of the require-

ments of the statute. In this case, Lieutenant Hamilton's criminal activity, revealed a few years later by his prosecution and conviction, satisfies the requirement of a prima facie showing of new evidence. However, Bell fails to make a prima facie showing that "no reasonable factfinder" would have convicted him had the evidence been available. Because Bell provided no information about the evidence presented at his trial except stating that Hamilton was the government's "chief witness," he has not made a prima facie showing.

Criminal conduct by law-enforcement officers poses a severe threat to the fair administration of criminal justice. Law-enforcement officers involved in crime may well pervert trials through perjury, whether to advance the goals of their own criminal enterprises or simply to throw off suspicion by maintaining an apparently successful record in fighting crime. However, the guilt of a law-enforcement witness does not inherently undermine the integrity of all trials in which the witness testified. The misconduct for which Hamilton was convicted involved tipping drug dealers about police investigations; so far as Bell reveals, it did not involve falsely accusing or framing defendants.

In order to determine whether Bell's trial was impermissibly tainted by Hamilton's misconduct, we would need to know more about the circumstances of Bell's conviction. If the evidence against Bell was overwhelming and substantiated by witnesses who were not involved in criminal activity, the fact that Hamilton himself engaged in unrelated criminal activity, if that be the case, might not warrant further habeas corpus review of Bell's conviction. Conversely, if Hamilton's testimony was key to the conviction, and in particular if there are reasons to believe that Hamilton perjured himself in Bell's case, then further consideration of habeas relief may

be appropriate. Because Bell's application contains insufficient information to make that determination, it must be denied. We deny the application without prejudice to Bell's filing a subsequent successive habeas application that fully addresses the prima facie showing required by § 2255.

## CONCLUSION

The application for leave to file a successive habeas petition with the district court is denied without prejudice.