# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: BILLY WILLIAMS,
    *Movant.*                          No. 03-210

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.

Argued: December 5, 2003

Decided: March 26, 2004

Before WILKINS, Chief Judge, and WILKINSON and
MOTZ, Circuit Judges.

---

Motion denied by published opinion. Chief Judge Wilkins wrote the
opinion, in which Judge Wilkinson and Judge Motz joined.

---

## COUNSEL

**ARGUED:** Justin Sanjeeve Antonipillai, ARNOLD & PORTER,
Washington, D.C., for Movant. Steven Andrew Witmer, Assistant
Attorney General, OFFICE OF THE ATTORNEY GENERAL, Rich-
mond, Virginia, for Respondent. **ON BRIEF:** Jerry W. Kilgore,
Attorney General of Virginia, OFFICE OF THE ATTORNEY GEN-
ERAL, Richmond, Virginia, for Respondent.

---

## OPINION

WILKINS, Chief Judge:

Billy Williams moves for authorization to file a successive habeas
corpus application pursuant to 28 U.S.C.A. § 2254 (West 1994 &

Supp. 2003). *See* 28 U.S.C.A. § 2244(b) (West Supp. 2003). We deny this motion.

## I.

Williams was convicted in Virginia state court of second degree murder and other offenses arising from a shooting incident on May 5, 1997. His convictions were upheld on appeal, and his ensuing § 2254 application was denied. *See Williams v. Angelone*, 26 Fed. Appx. 373 (4th Cir.) (per curiam) (dismissing appeal of denial of habeas relief), *cert. denied*, 537 U.S. 844 (2002).

Since his first § 2254 application was denied, Williams has filed three motions pursuant to § 2244(b) seeking authorization to file successive applications. His first motion for pre-filing authorization ("PFA motion") alleged that he had been convicted based primarily on the testimony of two eyewitnesses, Torrey Wright and Richard Teach. He further alleged that Teach had recently recanted his testimony and admitted that—contrary to his trial testimony—he had criminal charges pending against him when he testified at Williams' trial. We denied Williams' motion without prejudice because he failed to provide materials required by Fourth Circuit Rule 22(d). *See In re Williams*, No. 02-176 (4th Cir. June 18, 2002) (unpublished order).

Williams filed a second PFA motion eight days after his first motion was denied, this time complying fully with Rule 22(d). Once again, Williams relied on Teach's recantation. We denied pre-filing authorization, concluding that the new evidence described in Williams' motion did not satisfy the requirements of § 2244(b). *See In re Williams*, 330 F.3d 277, 284 (4th Cir. 2003) (*Williams I*). We did not decide, however, "whether we would be willing to consider a new PFA motion reiterating the current claim and providing additional information favorable to Williams." *Id.* at 282 n.2.

Williams has now filed a third PFA motion, which expands his previous description of the trial evidence and the new evidence he has allegedly obtained. In particular, the new motion alleges that Williams was tried twice on charges relating to the May 5 shooting; the first trial ended with a hung jury, but the second trial—the only one in which Teach testified—resulted in Williams being convicted on all

counts. The new motion also avers that Wright, the only eyewitness other than Teach, testified that he had never seen Williams before the shooting; in contrast, Teach and Williams were acquainted before the shooting occurred. We appointed counsel for Williams and ordered briefing and oral argument on the question of whether a prisoner may file a successive PFA motion that reiterates—with additional support —the claims in a previous, unsuccessful PFA motion.

## II.

The problem of repetitive collateral litigation has absorbed the attention of Congress and the federal courts for at least a century. *See generally McCleskey v. Zant*, 499 U.S. 467, 479-89 (1991) (discussing history of rules governing successive applications for collateral review). Section 2244(b) and its counterpart for federal prisoners, 28 U.S.C.A. § 2255 ¶ 8 (West Supp. 2003), represent the most recent congressional response to this problem. As we have previously explained, Congress enacted § 2244(b) as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) in order to raise the threshold that a prisoner must cross to obtain review of claims presented in a successive application for collateral review. *See United States v. Winestock*, 340 F.3d 200, 204 (4th Cir.), *cert. denied*, 124 S. Ct. 496 (2003).

Under § 2244(b)(2), a claim presented for the first time in a successive § 2254 application may not be reviewed unless

> **(A)**   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> **(B)(i)**   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> **(ii)**   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for con-

> stitutional error, no reasonable factfinder would have found
> the applicant guilty of the underlying offense.

28 U.S.C.A. § 2244(b)(2). The initial determination of whether a claim satisfies these requirements must be made by a court of appeals. *See id.* § 2244(b)(3)(A). By assigning this role to the court of appeals, the AEDPA "transfer[red] . . . to the court of appeals a screening process previously performed by the district court." *In re King*, 190 F.3d 479, 482 (6th Cir. 1999) (en banc).

In transferring responsibility for screening successive applications, the AEDPA potentially exposes the courts of appeals to the very problem it alleviates in the district courts: a deluge of repetitive applications for collateral review. We implicitly acknowledged this concern in *Williams I*, when we left open the question of whether we would be willing to consider a third PFA motion raising similar claims, noting at the time that two other circuit courts had faced this question and reached divergent results. *See Williams I*, 330 F.3d at 282 n.2. Williams' current PFA motion compels us to resolve the question we reserved in *Williams I*.

### A.

We begin our analysis of § 2244(b) by examining the language of the statute. *See Ramey v. Director*, 326 F.3d 474, 476 (4th Cir. 2003). We conclude that this language, construed in light of pre-AEDPA habeas practices, requires us to deny a successive PFA motion that relies entirely on evidence and constitutional decisions that were available to the applicant during previous PFA proceedings.

In order to satisfy the requirements of § 2244(b)(2), a prisoner filing a PFA motion must cite a legal rule that was "previously unavailable," 28 U.S.C.A. § 2244(b)(2)(A), or proffer facts that "could not have been discovered previously," *id.* § 2244(b)(2)(B)(i). Although both of these clauses use the word "previously," neither clause indicates what the availability of a new rule or the discovery of new evidence must be "previous" to. We hold that the word "previously" refers to the last federal proceeding—including a PFA proceeding— in which the applicant challenged the same criminal judgment. Consequently, constitutional rules that were established at the time of the

applicant's last PFA motion were not "previously unavailable," and facts known or reasonably discoverable at the time of the applicant's last PFA motion cannot satisfy the "could not have been discovered previously" requirement.[1]

Our conclusion is based on longstanding principles of habeas practice that were incorporated into the AEDPA. Before the AEDPA was enacted, review of successive applications was governed by the abuse of the writ doctrine. *See McCleskey*, 499 U.S. at 470. This doctrine generally precluded a federal court from considering claims presented in a successive application unless the applicant could demonstrate cause and prejudice.[2] *See Noble v. Barnett*, 24 F.3d 582, 585 (4th Cir. 1994). "Cause" was defined as an "external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, . . . [that] prevented petitioner from raising the claim." *Id.* at 586 (internal quotation marks omitted). Significantly, the cause inquiry focused on whether the applicant was prevented from including a particular claim in his *most recent* application. *See id.* (holding that the claims presented in the applicant's third habeas petition were barred by the abuse of the writ doctrine because the applicant "had full knowledge of the facts central to each of these claims at the time that he filed his *second* petition for a writ of habeas corpus" (emphasis added)).

---

[1]Although this opinion generally speaks in terms of review of the PFA motion, our focus is properly directed to the proposed successive application that the prisoner wishes to file. *See* 28 U.S.C.A. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that *the application* makes a prima facie showing that *the application* satisfies the requirements of this subsection." (emphasis added)); *see also* 4th Cir. R. 22(d) (requiring that motion for pre-filing authorization be accompanied by proposed application). For convenience, we will use the term "PFA motion" to refer to both the motion for pre-filing authorization and the proposed application appended to it.

[2]A second exception to the abuse of the writ doctrine permitted review in "cases . . . implicating a fundamental miscarriage of justice." *McCleskey*, 499 U.S. at 494. That exception is not relevant to the issues before us.

The word "previously," as used in § 2244(b)(2), codifies the cause requirement associated with the abuse of the writ doctrine. *See Daniels v. United States*, 254 F.3d 1180, 1198 (10th Cir. 2001) (en banc). For this reason, previousness inquiries under § 2244(b)(2) should follow the same path as pre-AEDPA cause inquiries. Because pre-AEDPA courts evaluating cause considered whether the applicant's new claims were available at the time of the most recent federal proceeding, it is appropriate for post-AEDPA courts applying § 2244(b)(2) to do likewise. Accordingly, a successive PFA motion must present claims that rely, at least in part, on evidence or Supreme Court decisions that the applicant could not have relied on in his last PFA motion. *See Bennett v. United States*, 119 F.3d 470, 472 (7th Cir. 1997).[3]

### B.

As noted in *Williams I*, two other courts have already issued opinions addressing the proper treatment of successive PFA motions. *See Williams I*, 330 F.3d at 282 n.2 (citing *Bennett* and *Bell v. United*

---

[3] We have not found any case directly on point other than *Bennett*. Our holding is, however, consistent with other decisions looking to the most recent federal collateral challenge as the "coign of vantage" for assessing previousness. *Rodriguez v. Superintendent*, 139 F.3d 270, 274 (1st Cir. 1998); *see Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir.) (rejecting PFA motion on ground that factual predicate for claim was discoverable before prisoner filed first habeas application), *cert. denied*, 536 U.S. 978 (2002); *McDonald v. Bowersox*, 125 F.3d 1183, 1186 (8th Cir. 1997) (per curiam) (same). Other courts have used events that preceded the most recent federal collateral challenge as their reference points for previousness determinations, but their holdings would not preclude them from adopting the rule we have announced today. *See In re Provenzano*, 215 F.3d 1233, 1236 (11th Cir. 2000) (per curiam) (holding, in the context of a successive PFA motion, that "the question for § 2244(b)(2)(B)(ii) purposes is . . . whether [new evidence] could have been discovered 'previously,' which means *at least as late as* the time of the filing of the first federal habeas petition" (emphasis added)); *United States v. Ortiz*, 136 F.3d 161, 168 (D.C. Cir. 1998) ("The traditional definition of newly discovered evidence is evidence discovered since the trial, at least with respect to motions for a new trial . . . ." (internal quotation marks omitted)).

*States*, 296 F.3d 127 (2d Cir. 2002) (per curiam)). We consider it appropriate to explain why our approach differs from those chosen by our sister circuits.

1.

In *Bell v. United States*, 296 F.3d 127 (2d Cir. 2002) (per curiam), the Second Circuit considered an initial PFA motion alleging that a prosecution witness perjured himself at Bell's trial. *See Bell*, 296 F.3d at 127-28. The court denied pre-filing authorization because it could not determine from the PFA motion how great a role the witness' testimony played in securing Bell's conviction. *See id.* at 129. The denial was, however, "without prejudice to Bell's filing a subsequent [PFA motion] that fully addresses the prima facie showing required by § 2255." *Id.*

Relying on *Bell*, Williams urges us to review his current PFA motion without any limitations arising from the denial of his last PFA motion. If this is indeed the approach that *Bell* espouses, we respectfully decline to follow the same course. As explained above, we believe that § 2244(b) precludes a court of appeals from granting a successive PFA motion that merely embellishes an earlier motion with citations or allegations that could have been included in the earlier motion.

We are not persuaded, however, that *Bell* announces a general policy allowing successive PFA motions to be filed and considered without limitation. *Bell* may reflect nothing more than a determination that one particular prisoner should be permitted to file a successive PFA motion. If that is so, then we perceive no conflict between *Bell* and the rule we announce today. We agree with the Second Circuit that in some circumstances a court should deny a PFA motion without prejudice; indeed, we did so ourselves with respect to Williams' first PFA motion, which was filed without the attachments required by our local rule, *see* 4th Cir. R. 22(d).[4] On this understanding of *Bell*, that

---

[4]When an applicant's PFA motion is denied without prejudice, then any previousness inquiry relating to his next PFA motion will focus on the last federal collateral challenge *prior to* the PFA motion that was

decision neither conflicts with our holding nor supports Williams' argument for open-ended review of successive PFA motions.

2.

Whereas Williams maintains that this court should adopt his interpretation of *Bell*, the Commonwealth urges us to follow the course charted by the Seventh Circuit in *Bennett*. In *Bennett*, the applicant filed a second PFA motion that essentially reasserted the claim in his first PFA motion, augmented with a citation to *Riggins v. Nevada*, 504 U.S. 127 (1992). *See Bennett*, 119 F.3d at 471. The Seventh Circuit denied the motion on two alternative grounds. One ground was that the rule announced in *Riggins* was not "previously unavailable," because the applicant could have relied on *Riggins* in his previous PFA motion. *See id.* at 472. We agree with this reasoning, as discussed above in Part II.A of this opinion.

---

denied without prejudice. *Cf. Dunn v. Singletary*, 168 F.3d 440, 441 (11th Cir. 1999) (per curiam) (holding that second habeas application is not successive and is not subject to § 2244(b) if first application was properly dismissed without prejudice).

We note incidentally that denials for failure to comply with Rule 22(d) have become somewhat more common in this circuit since our decision in *Winestock*, which held that appellate briefs should be construed as PFA motions in certain circumstances. *See Winestock*, 340 F.3d at 208. In order to avoid a potential injustice arising from this practice, we hold that denials of "*Winestock* motions" are without prejudice unless the opinion or order denying the motion expressly states otherwise. *Cf. Castro v. United States*, ___ U.S. ___, 2003 WL 22938448, at *6 (Dec. 15, 2003) (holding that current § 2255 application is not successive if prior application was originally filed as Fed. R. Crim. P. 33 motion and district court converted it without notice to applicant). Thus, if a prisoner has an appellate brief converted into a PFA motion and then files an actual PFA motion raising the same issues, our previousness inquiry will ordinarily focus on the last federal collateral challenge prior to the conversion of the appellate brief (which would be the proceeding that gave rise to the appeal in which the *Winestock* conversion took place, if that proceeding resulted in a determination on the merits).

The other rationale set forth in *Bennett* was based on 28 U.S.C.A. § 2244(b)(1), which provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."[5] The Seventh Circuit defined the word "claim," as used in § 2244(b)(1), to refer to "a set of facts giving rise to a right to a legal remedy." *Bennett*, 119 F.3d at 471-72. Applying this definition, the court determined that the *Riggins* claim in the second PFA motion was the same as the claim presented in the applicant's first PFA motion. *See id.* at 472. The court then held that pre-filing authorization was barred by § 2244(b)(1), even though the *Riggins* claim was previously presented in a PFA motion rather than an application for collateral review. *See id.*

We respectfully disagree with this analysis. By its terms, § 2244(b)(1) applies only when a particular claim was presented in "a prior application." Throughout § 2244(b), including within § 2244(b)(1) itself, the word "application" refers to a collateral review application filed or sought to be filed in the district court. *See* 28 U.S.C.A. § 2244(b)(1) (alluding to "a second or successive *habeas corpus application under section 2254*" (emphasis added)). In contrast, a motion for leave to file such an application is called a "motion." *See, e.g.*, *id.* § 2244(b)(3)(B). Thus, as the Seventh Circuit conceded in *Bennett*, § 2244(b)(1) is "more naturally read to refer to the [habeas petition] than to" the PFA motion.[6] *Bennett*, 119 F.3d at 471.

Notwithstanding this natural reading, the Seventh Circuit held that

---

[5]The applicant in *Bennett* sought permission to file a successive § 2255 application, rather than a "successive habeas corpus application under section 2254," but the Seventh Circuit has held that § 2244(b)(1) applies to both types of applications. *See Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002). This court has not resolved that question. *See Winestock*, 340 F.3d at 205.

[6]Williams maintains that the same logic applies to § 2244(b)(2)—that is, that the word "previously" should be construed to refer to the last application for collateral review rather than the last PFA motion. As we have explained, we disagree. There is a critical difference in the relevant language, in that § 2244(b)(1) expressly refers to "a prior *application*," while § 2244(b)(2) uses the word "previously" without identifying any reference point for application of that requirement.

application of § 2244(b)(1) to successive PFA motions is necessary because not applying § 2244(b)(1) would have the effect of imposing more stringent limitations on prisoners whose previous PFA motions had been granted than on those whose PFA motions were denied. *See id.* Such a disparity would ostensibly arise from the fact that a prisoner whose PFA motion was granted would file a collateral review application raising particular claims and then would be barred from raising those claims in future PFA motions, while a prisoner whose PFA motion was denied would be free to repeat the same claims in successive PFA motions without restraint.

With respect, we do not believe that § 2244(b)(1), as construed by the Seventh Circuit, provides an effective safeguard in this context, let alone a necessary one. Although application of § 2244(b)(1) would prevent prisoners from filing PFA motions presenting new legal justifications for claims based on facts alleged in previous PFA motions, this approach would have no impact on motions relying on new evidence, as the presentation of new evidence alters the "set of facts giving rise to a right to a legal remedy"; thus, under the definition of the term "claim" employed by the Seventh Circuit, motions containing new allegations necessarily present new claims. In contrast, the previousness inquiry described in Part II.A above—and endorsed as an alternative rationale in *Bennett*—not only avoids a strained reading of § 2244(b)(1) but also establishes a barrier against *all* claims that could have been presented earlier, not just claims relying on facts that were alleged in earlier PFA motions. Accordingly, we respectfully decline to follow *Bennett* insofar as it treats § 2244(b)(1) as a limitation on successive PFA motions.

### III.

Application of the rule we have announced is straightforward here. Williams' current PFA motion presents the same claim as his second PFA motion, augmented by two new allegations relating to events at Williams' trial. But Williams was surely aware of these events when they occurred, long before he filed his second PFA motion. Thus, Williams' current motion does not rely on any fact or legal rule that he could not have relied on in his second PFA motion. Accordingly, pursuant to § 2244(b), we deny pre-filing authorization.

We note that we would deny Williams' motion even if he could satisfy the previousness requirement. Although the new facts alleged in the current PFA motion highlight the significance of Teach's testimony at Williams' trial, they do not undermine the value of Torrey Wright's testimony to the extent necessary to "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Williams] guilty of the underlying offense," 28 U.S.C.A. § 2244(b)(2)(B)(ii).

## IV.

For the foregoing reasons, we hold that § 2244(b)(2) precludes us from granting a PFA motion that relies exclusively on evidence and constitutional rules that the applicant could have relied on in his last federal collateral challenge. Because Williams' current PFA motion does not cite any facts or legal authority that became available since his last PFA motion, we deny authorization to file a successive § 2254 application.

*MOTION DENIED*