**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6171**

---

CHARLES C. RAMSEY,

> Petitioner - Appellant,

> v.

NELSON SMITH, Commissioner, Virginia Department of Behavioral Health and Developmental Services,

> Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Senior District Judge. (2:24-cv-00311-RBS-DEM)

---

Submitted: August 28, 2025                    Decided: September 3, 2025

---

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Charles C. Ramsey, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles C. Ramsey seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing as untimely Ramsey's 28 U.S.C. § 2254 petition. *See Gonzalez v. Thaler*, 565 U.S. 134, 148 & n.9 (2012) (explaining that § 2254 petitions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2244(d)(1)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez*, 565 U.S. at 140-41 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Ramsey has not made the requisite showing.[*]    Accordingly, we deny a certificate of appealability and dismiss

---

[*] We conclude that the district court should have dismissed without prejudice Ramsey's § 2254 petition for lack of jurisdiction. Ramsey previously challenged both the state criminal judgment and the civil commitment order in separate § 2254 petitions that the district court denied. *See Ramsey v. Runion*, 488 F. App'x 759, 759 (4th Cir. 2012) (No. 12-7579) (dismissing Ramsey's appeal from district court's order denying relief on § 2254 petition challenging civil commitment order); *Ramsey v. Angelone*, 59 F. App'x 591, 591-92 (4th Cir. 2003) (No. 02-7696) (dismissing Ramsey's appeal from district court's order denying relief on § 2254 petition challenging state criminal judgment). And Ramsey did not receive authorization from this court before he filed the instant § 2254 petition. Ramsey's § 2254 petition was thus an unauthorized second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004).

2

the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*