*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0013p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: DEWITT MCDONALD, JR.,

*Movant.*

No. 06-4120

On Motion to Authorize the Filing of a
Second or Successive Application
for Habeas Corpus Relief.
No. 98-07308—John W. Potter, District Judge.

Argued: November 29, 2007

Decided and Filed: January 10, 2008

Before: SILER, GIBBONS, and McKEAGUE, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Robert T. Smith, JONES DAY, New York, New York, for Petitioner. Jerri L. Fosnaught, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Respondent.

_____

**OPINION**

_____

JULIA SMITH GIBBONS, Circuit Judge. Petitioner Dewitt McDonald Jr. moves this court to grant him permission to file a second or successive *habeas corpus* petition pursuant to 28 U.S.C. § 2244(b)(3). For the following reasons, we authorize McDonald to file a second *habeas corpus* petition with the district court.

I.

On June 27, 1995, the Common Pleas Court of Erie County, Ohio, entered a jury's guilty verdict for McDonald, convicting him of complicity to commit the following offenses: (1) aggravated murder with a firearm specification; (2) murder with a firearm specification; (3) improperly discharging a firearm into a habitation with specifications for harm and a firearm; (4) felonious assault with a firearm specification; (5) attempted aggravated murder with a firearm specification; and (6) felonious assault with a firearm specification. The evidence presented at trial included the testimony of Krista Harris who had initially provided McDonald with an alibi when testifying before a grand jury. At trial, however, Harris recanted her initial grand jury testimony, testifying instead on behalf of the prosecution. Indeed, as summarized by the Court of Appeals of Ohio,

1

>   Harris stated that [McDonald] was supposed to meet her in a motel room a few
>   blocks from the shooting scene, but he did not show up until sometime after 3:15
>   a.m. When he did arrive, according to Harris, he appeared nervous and shaken.
>   Harris also testified that the next morning she overheard a telephone conversation
>   between [McDonald] and Turner in which the shooting was discussed and
>   [McDonald] stated that they "had to get the gun." [McDonald] left and returned with
>   Turner a short time later; Turner was carrying a duffle bag. The trial judge merged
>   the first two counts and sentenced McDonald to life in prison.

*State v. McDonald*, No. E-95-046, 1997 Ohio App. LEXIS 355, at *4 (Ohio Ct. App. February 7, 1997).

On May 28, 1998, after pursuing his claims on direct appeal, McDonald filed a *habeas corpus* petition with the United States District Court for the Northern District of Ohio, which was denied on May 18, 1999. The district court also denied McDonald a certificate of appealability. On February 1, 2000, McDonald was again denied a certificate of appealability in response to his filing a notice of appeal with the district court.

In yet another reversal of her story, on December 21, 2001, Krista Harris signed an affidavit in which she stated that the prosecutor in McDonald's trial, Kevin Baxter, coerced her into a non-consensual sexual relationship by threatening false criminal charges. Moreover, Harris stated that Baxter used these threats to coerce her into providing perjured testimony in McDonald's case. These allegations were also corroborated by Edward Jay Baxter, Kevin Baxter's brother, who stated in an affidavit signed on April 23, 2003, that Kevin Baxter "coerced Krista Harris to lie in a drive-by shooting, then forced her into a non consensual relationship."[1]

After unsuccessfully pursuing multiple avenues for appeal of his conviction in state courts in reliance on this newly discovered evidence, McDonald, pursuant to 28 U.S.C. § 2244(b), now seeks authorization to file a second petition of *habeas corpus* with the district court. McDonald argues that such a petition should be granted because his conviction was based upon, in part, perjured testimony, constituting a violation of his rights under the Due Process Clause. In addition, McDonald argues that this court should grant him permission to file a second *habeas corpus* petition because

>   the factual predicate for the claim could not have been discovered previously through
>   the exercise of due diligence; and the facts underlying the claim, if proven and
>   viewed in light of the evidence as a whole, would be sufficient to establish by clear
>   and convincing evidence that, but for constitutional error, no reasonable factfinder
>   would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B).

## II.

The present motion before the court requests authorization to file a second *habeas corpus* petition in accordance with the requirements of 28 U.S.C. § 2244(b)(3)(A): "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In turn, "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). McDonald

---

[1] It is unclear whether Edward Jay Baxter had personal knowledge of the assertions in his affidavit.

argues that the claims underlying his requested second *habeas corpus* petition comply with 28 U.S.C. § 2244(b)(2), which states in relevant part:

> (2) A claim presented in a second or successive habeas corpus application under section [28 U.S.C. §] 2254 that was not presented in a prior application shall be dismissed unless –
>
> . . .
>
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

As McDonald notes, in compliance with 28 U.S.C. § 2244(b)(1), his claim has not been presented in a prior application. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section [28 U.S.C. §] 2254 that was presented in a prior application shall be dismissed.").[2]

In opposition to the instant motion, the government argues that McDonald's claim is barred because the factual predicate underlying the proffered constitutional error could have been discovered by McDonald as early as 2001. Thus, the *habeas corpus* petition that McDonald seeks permission to file would be barred by 28 U.S.C. § 2244(d)(1)(D):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from [] –
>
> . . .
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Consequently, the government argues that this court should, on these grounds, deny McDonald permission to file a second *habeas corpus* petition.

The government's arguments, however, do not take the entire text of 28 U.S.C. § 2244(b) into account. Section 2244(b)(3)(C) requires the relevant court of appeals to ensure that the petitioner's request for permission to file a second *habeas corpus* petition "satisfies the requirements of *this subsection*." (emphasis added). In contrast, 28 U.S.C. § 2244(b)(4) charges the district court, and not the court of appeals, to "dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of *this section*." (emphasis added). Thus, investigating compliance with the one-year statute of limitations outlined in 28 U.S.C. § 2244(d) – clearly a separate subsection from 28

---

[2]To be sure, 28 U.S.C. § 2244(b)(3)(D) also states: "The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion." However, this court has held that this "provision is hortatory or advisory rather than mandatory . . . ." *In re Siggers*, 132 F.3d 333, 336 (6th Cir. 1997).

U.S.C. § 2244(b) – is not within the purview of the court of appeals' consideration of applications requesting authorization to file a second or successive *habeas corpus* petition pursuant to 28 U.S.C. § 2244(b).

Indeed, not only does the text of the statute require this conclusion, but logic counsels that a court of appeals considering a request for authorization to file a second or successive *habeas corpus* petition would not consider whether or not the *habeas corpus* petition complies with the one-year statute of limitations. When considering motions pursuant to 28 U.S.C. § 2244(b) for permission to file a second or successive *habeas corpus* petition, the court does not have a developed record because the new petition has not yet been considered by a district court. As a result, courts of appeal cannot determine whether the one-year statute of limitations should be equitably tolled, *see, e.g.*, *Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005) (determining that, based upon the particular facts of the case, the petitioner had presented sufficient evidence of actual innocence to be granted equitable tolling); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (stating that equitable tolling is available when the petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), or on what date the defendant was able to discover the evidence in question through due diligence. *See, e.g.*, *Granger v. Hurt*, 90 F. App'x 97, 99-101 (6th Cir. 2004) (finding that, because of the particular facts of the case, the one-year period should begin after the date the information in fact became available); *see also* 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, 1447-48 (5th ed. 2005) ("The statute limits the scope of review at this stage to the specific question whether the motion makes a *prima facie* showing that any of the claims in the petition satisfy AEDPA's substantive successive petition standards, thereby evidently rendering irrelevant other possible grounds for dismissal such as ultimate lack of merit, nonexhaustion, procedural default, and the like."). In fact, in the instant case, it is difficult to determine whether McDonald would run afoul of the one-year statute of limitations given that Harris's affidavit is dated December 21, 2001 and McDonald first commenced state court proceedings on account of Harris's affidavit on May 1, 2003. If a district court were to find that, using reasonable due diligence, McDonald would have only discovered the information by May 1, 2002 – less than five months after Harris signed her affidavit – then a court might find McDonald in compliance with the one-year statute of limitations.

Therefore, this court does not now consider whether McDonald's claim would be deemed beyond the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d) if filed in a district court. Instead, this court leaves that inquiry to the district court once, and assuming, McDonald actually files his second *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(4) ("*A district court* shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim *satisfies the requirements of this section*.") (emphasis added).[3]

### III.

As McDonald concedes, he has already filed a previous *habeas corpus* petition and he currently seeks to file a second or successive *habeas corpus* petition. Pursuant to § 2244(b), a court of appeals will not allow a second or successive *habeas* petition unless:

---

[3] For similar reasons, this court need not consider at this stage whether the petitioner's claims have been exhausted. *See, e.g.*, *Hatch v. Oklahoma*, 92 F.3d 1012, 1016 (10th Cir. 1996) ("Exhaustion is not, however, a precondition to our consideration of this Application for Order Authorizing a Successive Petition for Habeas Corpus Relief. Were we to grant this application, the district court would then have before it the merits of Hatch's habeas petition, and in that context the district court would need to decide whether the claim was exhausted or whether waiver of the exhaustion requirement is warranted."), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 (10th Cir. 2001); *see also* 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, 1447-48 (5th ed. 2005) (arguing for the same).

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "In order for this court to grant permission to file a second or successive habeas petition, the applicant must make a prima facie showing that his application satisfies the statutory requirements." *Bowling v. Haeberline* (*In re Bowling*), 422 F.3d 434, 436 (6th Cir. 2005); 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."). As this court has previously noted, "'Prima facie' in this context means simply sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'" *In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)); *see also In re Bowling*, 422 F.3d at 436 (quoting *Bennett*, 119 F.3d at 469). Such a "'prima facie showing' . . . is not a difficult standard to meet." *In re Lott*, 366 F.3d at 432.

McDonald proceeds on § 2244(b)(2)(B) grounds, arguing that the new information regarding Harris's perjured testimony constitutes evidence that

could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B).

Our sister circuits differ slightly on how to understand the "previously discovered" requirement,[4] but regardless of which standard we adopt, the evidence now proffered by McDonald could not have been discovered at the time of his first *habeas* petition, which constituted the last federal proceeding in this matter. Harris only recanted her trial testimony in an affidavit dated December 21, 2001. McDonald's previous *habeas corpus* petition was filed on May 28, 1998, and

---

[4]The First, Fifth, and Eighth Circuits have all indicated that a factual predicate is deemed previously discoverable if it could have been discovered at the time of the previous *habeas* petition. *See Rodriguez v. Superintendent, Bay State Corr. Ctr.*, 139 F.3d 270, 274 (1st Cir. 1998); *cf. Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir. 2002) (noting that the evidence in question could have been discovered at the time of the petitioner's first *habeas* petition); *McDonald v. Bowersox*, 125 F.3d 1183, 1186 (8th Cir. 1997) (same). However, the Fourth and Seventh Circuits appear to have held that a factual predicate is deemed previously discoverable if it could have been discovered at the time of the last federal proceeding, which includes a previous motion, pursuant to § 2244(b), seeking authorization to file a second or successive habeas petition. *See In re Williams*, 364 F.3d 235, 239 & n.3 (4th Cir. 2004) (adopting the previous motion standard and collecting cases); *Bennett v. United States*, 119 F.3d 470, 471 (7th Cir. 1997). Other circuits have somewhat obscured the issue. *See In re Provenzano*, 215 F.3d 1233, 1236 (11th Cir. 2000) (concluding that previously means "at least as late as the time of the filing of the first federal habeas petition"); *United States v. Ortiz*, 136 F.3d 161, 168 (D.C. Cir. 1998) ("The traditional definition of newly discovered evidence is evidence discovered since the trial, at least with respect to motions for a new trial. . . ." (internal quotation marks omitted)).

denied on May 31, 1999. As a result, the evidence presented now by McDonald could not have been previously discovered for the purposes of § 2244(b).

McDonald's motion for permission to file a second *habeas corpus* petition also requires a finding that the facts surrounding Harris's perjured testimony, if found to be true, would indeed constitute a constitutional violation. This is undoubtedly the case. While there are any number of potential due process violations that could be extracted from the allegations contained in both Harris's and Edward Baxter's affidavits, there clearly is enough evidence to discern a *Brady* violation as all three elements of a *Brady* violation obtain under the circumstances: "(1) the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching; (2) the state must have suppressed the evidence, whether wilfully or inadvertently; and (3) prejudice must have resulted." *Butler v. Renico*, No. 05-1825, 2007 U.S. App. LEXIS 6103, at *11 (6th Cir. February 20, 2007) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

In this case, the first two prongs are easily satisfied. Although her affidavit lacks a great deal of specificity, Harris avers that the state willfully suppressed some of her potential alibi testimony by ensuring she perjure herself. And, the state clearly failed to inform McDonald of any relationship between Harris, a testifying witness, and the prosecutor. Both of these pieces of information were clearly favorable to McDonald. As for the prejudice prong of the analysis, "one way to establish the prejudice component of cause and prejudice is to establish *Brady* materiality." *Joseph v. Coyle*, 469 F.3d 441, 462 (6th Cir. 2006) (citations omitted). And, as the Supreme Court has explained at length, the *Brady* materiality inquiry

> is not a sufficiency of evidence test. A defendant need not demonstrate that after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict. The possibility of an acquittal on a criminal charge does not imply an insufficient evidentiary basis to convict. One does not show a *Brady* violation by demonstrating that some of the inculpatory evidence should have been excluded, but by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.

*Kyles v. Whitley*, 514 U.S. 419, 434-35 (1995); *see also Schledwitz v. United States*, 169 F.3d 1003, 1012 (6th Cir. 1999) (citing *Kyles* and applying the standard). Thus, assuming the truth of the facts stated by Harris in her affidavit, all three elements of a *Brady* violation have occurred.[5] As a result, McDonald has made a *prima facie* showing of a constitutional violation in accordance with § 2244(b)(3); in other words, "the facts underlying [McDonald's] claim, if proven" would constitute a constitutional violation. 28 U.S.C. § 2244(b)(2)(B)(ii).

Having identified the elements of a potential *Brady* violation, we can now return to our primary inquiry, determining whether McDonald has made "a prima facie showing that his application satisfies the statutory requirements." *Bowling*, 422 F.3d at 436; *see* 28 U.S.C.

---

[5]As argued by McDonald, the alleged conduct might also have violated the Due Process Clause by constituting a knowing use of perjured testimony, *see Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000) ("[I]n order to establish a claim of prosecutorial misconduct or denial of due process, the defendant must show that the statement in question was false, that the prosecution knew it was false, and that it was material."), and it may also have constituted the denial of McDonald's right to present a witness in his own defense. *See United States v. Emuegbunam*, 268 F.3d 377, 400 (6th Cir. 2001) ("Various prosecutorial and judicial actions aimed at discouraging defense witnesses from testifying deprive a defendant of this right."). However, as the new evidence presented by McDonald is sufficient to make out a *Brady* claim, we need not consider how many permutations of due process violations we can conjure up based upon the same set of facts.

§ 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."). Given that the evidence in this case could not have previously been discovered, this standard requires McDonald to have made a *prima facie* showing that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii). Thus while this standard does require that we evaluate McDonald's new evidence "in light of the evidence as a whole," a court of appeals need only find that McDonald has satisfied the *prima facie* standard advanced under 28 U.S.C. § 2244(b)(3)(C). And, as we have previously explained, "'Prima facie' in this context means simply sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'" *In re Lott*, 366 F.3d at 433 (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)). In other words, we do not need to find that given the alleged constitutional violation no reasonable factfinder would have found McDonald guilty of the underlying offense; instead, we simply must determine whether there are "sufficient allegations" together with "some documentation" so as to require a district court to engage in additional analysis in order to ascertain whether but for the constitutional error, no reasonable factfinder would have found McDonald guilty of the underlying offense.

McDonald satisfies this standard. At McDonald's trial, the state did not present any eyewitnesses who saw McDonald at the scene of the crime – only a witness who saw three individuals in a car from where shots were fired. The state also presented testimony regarding McDonald's role in the underlying altercation that allegedly served as the impetus for the shooting. However, given the lack of direct evidence linking McDonald to the underlying crimes, Harris's recanting of her trial testimony looms large. The existence of an alleged relationship between Harris and the prosecutor combined with the possibility that Harris could have provided McDonald with an alibi at trial clearly should "undermine our confidence in the verdict," *Kyles*, 514 U.S. at 435, and therefore "'warrant[s] a fuller exploration in the district court.'" *In re Lott*, 366 F.3d at 433 (quoting *Bennett*, 119 F.3d at 469)). Thus McDonald has made the requisite *prima facie* case necessary for this court to grant him permission to file a second *habeas corpus* petition.

## CONCLUSION

For the foregoing reasons, we authorize McDonald to file a second *habeas corpus* petition with the district court.