*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0215p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

In re:  DARRELL A. SIGGERS,

                         *Movant.*

                                  No. 08-1214

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 89-71175—Denise Page Hood, District Judge.

Argued:  October 16, 2009

Decided and Filed:  July 23, 2010

Before:  BOGGS, MOORE, and GIBSON, Circuit Judges.[*]

———————————

## COUNSEL

**ARGUED:**  Laura Kathleen Sutton, Manchester, Michigan, for Movant.  Janet A. Van Cleve, MICHIGAN ATTORNEY GENERAL'S OFFICE, Lansing, Michigan,  for Respondent. **ON BRIEF:**  Laura Kathleen Sutton, Manchester, Michigan, for Movant. Debra M. Gagliardi, B. Eric Restuccia, MICHIGAN ATTORNEY GENERAL'S OFFICE, Lansing, Michigan,  for Respondent.

———————————

## OPINION

———————————

JOHN R. GIBSON, Circuit Judge.  In 1984, Darrell Siggers was convicted of first-degree murder in the shooting death of James Montgomery and was sentenced to life imprisonment.  Siggers now seeks authorization from this court, pursuant to 28 U.S.C. § 2244(b), to file a second or successive habeas petition with the district court. We deny his application.

———————————

[*]The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1

**I.**

In 1984, Darrell Siggers was convicted by a jury in the Recorder's Court for the City of Detroit, Michigan of first-degree murder in the shooting death of James Montgomery.   At sentencing, Siggers received a mandatory sentence of life imprisonment.  He was denied relief on direct appeal to the Michigan Court of Appeals on October 14, 1987, and the Michigan Supreme Court denied him leave to appeal on June 29, 1988.

In 1989, Siggers filed a petition for writ of habeas corpus in federal district court. The district court denied the petition on the merits and this court affirmed the district court's order.  In 1996, Siggers filed another petition for habeas corpus in the district court and requested authorization from this court to allow the district court to consider the petition.  This court denied the request for authorization to file a second or successive habeas petition, *see In re Siggers*, 132 F.3d 333 (6th Cir. 1997), and the Supreme Court denied Siggers's petition for certiorari.  In 1998, Siggers made an additional federal filing, which this court treated as a § 2244(b) application and denied in 1999. *See In re Siggers*, No. 98-0192 (6th Cir. March 16, 1999) (unpublished order).

On March 14, 2004, Siggers filed a post-appeal motion in the Wayne County Circuit Court alleging that newly discovered evidence established his innocence and revealed violations of his constitutional rights.  The original trial judge held an evidentiary hearing and denied the motion.  The Michigan Court of Appeals and Supreme Court denied Siggers leave to appeal.

Siggers now brings this application, pursuant to 28 U.S.C. § 2244(b)(3)(A), seeking authorization from this court to file a second or successive petition for writ of habeas corpus with the district court.  Siggers's application alleges that certain newly discovered evidence demonstrates his innocence and that the absence of this evidence from his trial resulted in the violation of his constitutional rights.

## II.

"In order for this court to grant permission to file a second or successive habeas petition, the applicant must make a prima facie showing that his application satisfies the statutory requirements." *Bowling v. Haeberline* (*In re Bowling*), 422 F.3d 434, 436 (6th Cir. 2005); *see* 28 U.S.C. § 2244(b)(3)(C). "'Prima facie' in this context means simply sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'" *In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004). Specifically, the statute requires that:

> (b)(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, Siggers does not argue a new rule of constitutional law but rather relies on the newly discovered evidence grounds found in § 2244(b)(2)(B). For this Court to grant authorization based on newly discovered evidence, we must conclude that Siggers has made a prima facie showing that: (1) the factual predicate of his claim could not have been discovered previously through due diligence; (2) if true, the allegations "would indeed constitute" a constitutional violation; and (3) clear and convincing evidence that, absent that constitutional violation, and viewed in light of the evidence as a whole, no reasonable fact-finder would have found Siggers guilty. *See In re McDonald*, 514 F.3d 539, 544-45 (6th Cir. 2008).

Siggers alleges that after his 1984 trial and his 1989 and 1996 habeas petitions, he discovered the following evidence:

- Darryl Dulin gave sworn testimony that he witnessed an individual named Toby Red shoot James Montgomery.

- Richard Braxton gave sworn testimony that he heard Toby Red admit to murdering James Montgomery.

- Bruce Spearman came forward with an affidavit averring that his cousin, Ranard Jackson, admitted to giving perjured testimony at Siggers's trial as a result of police coercion.

- Jack Fuqua, a prosecution witness, testified that he withheld testimony at Siggers's trial because of police intimidation. In particular, Fuqua now claims that Toby Red came to his house carrying a rifle and admitted to just having shot somebody.

- William Arnold, also a prosecution witness, gave sworn testimony that he heard Toby Red come to Fuqua's door on the night of the murder and admit to having shot someone; Arnold did not volunteer this evidence at the time of his trial testimony. Arnold also averred that the police threatened to have public benefits withheld from his sister and her children if she did not cooperate with the investigation.

There is a circuit split, on which this circuit has yet to rule, concerning when the factual predicate of an applicant's claim must not have been "previously discoverable." *McDonald*, 514 F.3d at 545. Specifically, the circuits differ as to whether they require that the evidence was not discoverable at the time of the applicant's previous habeas petition or at the time of the applicant's latest federal filing. *Id.* We decline to decide the issue here because it is not necessary to the outcome. In this case, Siggers's latest federal filing was his § 2244(b) application, which was denied in 1999. Siggers's current allegations rest on witness testimony he presented during an evidentiary hearing held on his post-conviction relief motion in the Wayne County Circuit Court in 2004. Although his brief fails to articulate precisely why this evidence was not discoverable through due diligence at the time of his 1999 filing, the testimony at the hearing differed from that given at Siggers's trial and there is no indication that the new testimony was

discoverable sooner. Accordingly, we will assume for purposes of argument that the factual predicate of Siggers's claim was not previously discoverable.

Next, Siggers must make a prima facie showing of a constitutional violation. Siggers alleges constitutional error, namely *Brady* violations, as the reason that Jackson, Fuqua, and Arnold allegedly gave perjured or incomplete testimony at his trial. *See Brady v. Maryland*, 373 U.S. 83 (1963). To establish a *Brady* violation: "(1) the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching; (2) the state must have suppressed the evidence, whether wilfully or inadvertently; and (3) prejudice must have resulted." *McDonald*, 514 F.3d at 545 (quoting *Butler v. Renico*, 255 F.App'x 939, 943 (6th Cir. 2007)).

Here, the affidavit of Spearman, along with the testimony of Arnold and Fuqua, if true, establishes a prima facie case of a *Brady* violation. First, with regard to Arnold and Fuqua, the evidence is exculpatory because it centers on witness statements that would help Siggers establish that someone else committed the murder. With regard to Spearman's affidavit, it provides a basis to impeach Jackson's trial testimony. Second, Siggers alleges police misconduct and coercion resulting in the introduction of perjured testimony, which would satisfy the second *Brady* requirement. Finally, given the materiality and exculpatory nature of the newly discovered evidence, its exclusion could arguably have resulted in *Brady* prejudice. *See McDonald*, 514 F.3d at 545 ("one way to establish the prejudice component of cause and prejudice is to establish *Brady* materiality" (internal quotation marks omitted)). Thus, regarding the evidence obtained from Spearman, Fuqua, and Arnold, Siggers has made a prima facie showing of a constitutional violation as required by § 2244(b)(3)(C).[1]

---

[1] As to the evidence obtained from Darryl Dulin and Robert Braxton, Siggers vaguely asserts that the absence of their testimony from his trial violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution. Siggers's brief, however, fails to articulate how the statements were suppressed or otherwise the product of constitutional error. At best, Siggers appears to argue that as long as he can prove at least one constitutional violation, *i.e.*, the alleged *Brady* violations, the court is then allowed to consider all of his newly discovered evidence, even that unrelated to the alleged constitutional error. Siggers cites no authority for this proposition, and we find it to be contrary to the plain meaning of the statute. *See* 28 U.S.C. § 2244(b)(2).

Finally, Siggers must make a prima facie showing "so as to require the district court to engage in additional analysis"to determine whether, absent the alleged constitutional error, and when viewed in light of the evidence as a whole, no reasonable juror would have found him guilty. *McDonald*, 514 F.3d at 546-47 ("'Prima facie' in this context means simply sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'"). Here, absent the alleged *Brady* violations discussed above, we are to assume that Fuqua and Arnold would have testified that on the night of the murder Toby Red came to Fuqua's door and admitted to having shot someone. Also, Jackson may have been impeached concerning whether his testimony was the result of police coercion. Although this evidence may have introduced some doubt concerning who committed the crime, it must be viewed in light of the other evidence presented by the government. *See id.*

At trial, the government produced testimony from two eyewitnesses stating that Siggers was the shooter. In addition, the government presented physical evidence that shell casings consistent with those used in the shooting were found outside of Siggers's apartment. This evidence is not contradicted by the newly discovered testimony of Fuqua, Arnold, or Spearman. Considering the strength of the evidence presented by the government at trial, Siggers's allegations again fail to establish a prima facie showing that "the constitutional errors he alleges probably resulted in the conviction of an innocent person." *In re Siggers*, 132 F.3d at 338 (6th Cir. 1997); *see also McDonald*, 514 F.3d at 547 (emphasizing the lack of eyewitness testimony and absence of direct evidence placing the defendant at the scene as factors in granting authorization to file a successive habeas petition).

In addition to his *Brady* claims, Siggers alleges claims of ineffective assistance of counsel. However, those claims have previously been denied on the merits and are not subject to further review. *See* § 2244(b)(1); *see also Siggers*, 132 F.3d at 337-38.

**III.**

For the foregoing reasons, the application is denied.