# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 6, 2014           Decided July 22, 2014

No. 12-3037

IN RE: ANDRE P. WILLIAMS,
PETITIONER

———

Consolidated with 13-3060

———

On Motions for Authorization to File a
Second or Successive Petition Under 28 U.S.C. § 2255
(No. 1:91-cr-00559-9)

———

*Elisabeth S. Theodore*, appointed by the court, argued the cause for petitioner. On the briefs were *Justin S. Antonipillai*, appointed by the court, *Christopher S. Rhee*, appointed by the court, and *Arthur Luk*.

*James M. Perez*, Assistant U.S. Attorney, argued the cause for respondent. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman* and *Suzanne Grealy Curt*, Assistant U.S. Attorneys.

Before: GARLAND, *Chief Judge*, SRINIVASAN, *Circuit Judge*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: Petitioner Andre Williams has filed with us two motions pursuant to 28 U.S.C. § 2255(h), seeking certification to file successive motions in the district court to vacate, set aside, or correct his sentence. For the reasons stated below, we certify and authorize the district court to consider the motions.

## BACKGROUND

In 1993 Williams was found guilty of conspiring, from May 1983 through March 1991, to participate in a racketeer influenced corrupt organization (RICO) and to distribute illegal drugs. He was acquitted of several other charges. During the early years of the conspiracies Williams was a juvenile, turning eighteen in May 1987. He was sentenced to life without parole. In 1998 Williams filed a motion pursuant to 28 U.S.C. § 2255, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), in the district court. Section 2255(a) states that "[a] prisoner in custody . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The district court denied this first challenge by Williams to his sentence.

On May 24, 2012, this court received from Williams a motion for authorization to file a second or successive § 2255 motion based on the Supreme Court's decision in *Graham v. Florida*, 560 U.S. 48 (2010). On June 24, 2013, he filed another motion for authorization to file a second or successive § 2255 motion based on the Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). We subsequently consolidated these motions and now consider both. Before a second or successive motion "to vacate, set aside or correct [his] sentence" is filed in the district court, the "motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). Section

2244 states that

> [t]he court of appeals may authorize the filing of a second or successive application [in the district court] only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b)(3)(C). The relevant requirement of that subsection is the same requirement found in 28 U.S.C. § 2255(h)(2), *i.e.*, that the second or successive motion "contain[s]— a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Williams has now filed two successive motions with this court, seeking certification that each motion meets the requirements of § 2255(h).

## DISCUSSION

The first of the two motions before us asserts that we should certify the motion because a new rule of constitutional law became available to Williams when, in 2010, the Supreme Court, in *Graham v. Florida*, 560 U.S. at 82, stated that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." The second motion argues that it should be certified because in 2012 a new rule of constitutional law also became available to Williams when, in *Miller v. Alabama*, 132 S. Ct. at 2469, the Supreme Court "h[e]ld that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." We must now determine whether either or both of Williams' § 2255(h) motions makes a *prima facie* showing that it contains a new rule

of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable.

Before making these determinations, however, we first will address the government's argument that we should deny Williams' *Graham* motion on timeliness grounds.

## Timeliness

Subsection 2255(f)(3) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of — the date on which the right asserted was initially recognized by the Supreme Court . . .

28 U.S.C. § 2255(f)(3). *Graham* was decided on May 17, 2010. That date is thus "the date on which the right asserted was initially recognized by the Supreme Court." Consequently, Williams had one year from that date, until May 17, 2011, to file his § 2255(h) motion based on *Graham*. Williams signed his *Graham* motion and dated it May 2, 2011; at the end of the motion he included a "Certificate of Service" which stated that he served the court of appeals on the same date. May 2, 2011, is within one year of the Supreme Court's May 17, 2010, *Graham* decision. The government, however, argues that the motion was untimely, pointing to this court's "received" date stamped on the motion, May 24, 2012, more than 2 years beyond the *Graham* decision and therefore outside the one-year filing limitation of § 2255(f)(3).

Williams argues that this court should reserve the timeliness issue for the district court. He contends that the applicability of a statute of limitations defense is a non-jurisdictional affirmative defense under the AEDPA and should not be considered at this

stage, but rather should be considered in the first instance by the district court. In support of this contention, Williams cites a case from the Sixth Circuit, *In re McDonald*, 514 F.3d 539 (6th Cir. 2008), in which, according to Williams, the court considered the same timeliness issue and held that the one-year statute of limitations is not within the purview of the court of appeals' consideration at the certification stage. In response the government, citing cases from the Fifth and Eleventh Circuits, counters that the Circuits are divided on the issue of whether courts of appeals have discretion to consider the timeliness of a motion under § 2255(f). *See In re Lewis*, 484 F.3d 793, 796-98 (5th Cir. 2007); *In re Wilson*, 442 F.3d 872, 874-78 (5th Cir. 2006); *In re Hill*, 437 F.3d 1080, 1082-83 (11th Cir. 2006). The government goes on to note that although the Supreme Court has not addressed this specific issue, in *Wood v. Milyard*, 132 S. Ct. 1826 (2012), the Court held that where neither the district court nor the government addressed the timeliness of an initial habeas petition, "courts of appeals, like district courts, have the authority–though not the obligation–to raise a forfeited timeliness defense on their own initiative," *id.* at 1834. The government argues that although *Wood* addresses "initial" petitions for collateral relief, nothing prohibits courts of appeals from undertaking the same analysis when exercising their gatekeeping roles under § 2244(b)(3)(C). We agree, and will exercise our discretion to consider whether Williams has made a *prima facie* showing of timeliness.

In response to the government's argument that his motion was untimely, Williams contends that the motion satisfies Federal Rule of Appellate Procedure 25(a)(2)(C), "Inmate filing," also known as the "prison mailbox rule." Rule 25(a)(2)(C) states in pertinent part:

> A paper filed by an inmate . . . is timely if deposited in the institution's internal mailing system on or before the last

day for filing. . . . Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Williams argues that the deposit of his *Graham* motion with prison officials satisfies the prison mailbox rule, and thus was timely filed with this court, because both the signature date and the certificate of service indicate that it was given to prison officials for mailing on May 2, 2011, before the statute of limitations period closed on May 17, 2011. Williams further argues that he satisfies the prison mailbox rule because he subsequently filed an affidavit in which he swore under penalty of perjury that he deposited his *Graham* motion into the prison mailing system on May 2, 2011, and did so with correct prepaid first class postage.

In response the government, relying on a case from the Ninth Circuit, argues that even if Williams' filings comply with the prison mailbox rule, we should not excuse his lack of diligence in following up on his petition after he gave it to prison officials. *See Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) ("A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time."). The government contends that Williams was not sufficiently diligent when he stood silent for more than a year after he failed to receive any response from either the court or the government. But at oral argument the government did not dispute that Williams' affidavit was sufficient to establish Williams' filing under the prison mailbox rule. In other words, the government does not contest that Williams has offered proof of filing that complies with the prison mailbox rule, rendering the filing

timely at the time it was made. Because the government has effectively conceded that Williams' motion was *prima facie* timely, we need not decide whether we agree with the Ninth Circuit's recognition and application of a diligence requirement. *Cf. Ray v. Clements*, 700 F.3d 993, 1012 (7th Cir. 2012) ("We . . . reject the Ninth Circuit's 'diligence' requirement.").

### *Prima facie* **Showing**

As noted, Williams has filed two successive § 2255 motions, the first based on *Graham* and the second based on *Miller*. Pursuant to § 2244, as incorporated by § 2255, for this court to certify a successive motion the motion must make a *prima facie* showing that it contains a previously unavailable new rule of constitutional law made retroactive on collateral review by the Supreme Court. In arguing that his *Graham* motion should be certified, Williams emphasizes that he needs only to make a *prima facie* showing in order for certification to be given. He proposes that such a showing is a low hurdle. *See In re McDonald*, 514 F.3d 539, 544 (6th Cir. 2008). According to Williams, *Graham* created a new constitutional rule in that for the first time it rendered a categorical ban on life-without-parole sentences for non-homicide juvenile offenders. Williams further argues that this new constitutional rule was unavailable to him because at the time of both his conviction and his first § 2255 motion in 1998, juvenile life-without-parole sentences had not yet been declared unconstitutional.

The government responds that it agrees with Williams that *Graham* is retroactive to cases on collateral review. But the government contends that because Williams' offenses of conviction extended into adulthood, he does not actually rely on *Graham* but instead relies on an extension of *Graham*. Noting that Williams was convicted for participating in a conspiracy that he joined in his juvenile years and which continued into his

adulthood, the government argues that nothing in *Graham* suggests that the Supreme Court was considering juveniles whose criminal conduct extended into adulthood. The government contends that Williams cannot rely on *Graham*, and therefore is not entitled to relief on the basis of *Graham*, because *Graham*'s holding does not extend to conspiracies straddling the age of majority.

Williams counters that a review of the merits at this stage of the proceedings is not required, but if this court decides to proceed with a review of the merits there is at least a *prima facie* basis for finding that Williams' sentence is unconstitutional under *Graham*. In support of this argument Williams contends that, contrary to the government's argument that *Graham* does not extend to inmates whose criminal conduct continued into their adult years, *Graham*'s categorical rule applies to all non-homicide criminal acts that occur while the offender is under the age of eighteen. *Graham*, according to Williams, neither explicitly nor implicitly carved juvenile continuing crimes out of its holding.

We agree with Williams that a review of the merits at this stage is not required. We further agree that the government's argument that we should refuse certification of Williams' *Graham* motion goes to the merits of the motion, asking us in effect to make a final determination of whether the holding in *Graham* will prevail for Williams. But our inquiry is limited to whether Williams' motion has made a *prima facie* case that it "contain[s] — a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." As the Fifth Circuit noted, "*Graham* clearly states a new rule . . . that was not previously available: the case was certainly the first recognition that the Eighth Amendment bars the imposition of life imprisonment without parole on non-homicide offenders under age eighteen." *In re*

*Sparks*, 657 F.3d 258, 260 (5th Cir. 2011). Furthermore, the government agrees that *Graham* is retroactive to cases on collateral review. Consequently, we conclude that Williams has made a *prima facie* showing that his *Graham* motion satisfies the necessary requirements for our certification. The government's argument concerning the application of the new rule in *Graham* to this case, *i.e.*, how *Graham* applies to a case concerning a crime that straddled the age of majority, is a question for the district court in the first instance, not the court of appeals.

\*   \*   \*   \*   \*

Williams filed a second successive § 2255 motion based on *Miller v. Alabama*, 132 S. Ct. 2455 (2012). Williams notes that in *Miller*, which involved a juvenile sentenced to life without parole for homicide, the Supreme Court held that the Eighth Amendment categorically forbids mandatory life-without-parole sentences for offenses committed by juveniles. As he did in his *Graham* argument above, Williams argues that this court should grant his *Miller* motion because it establishes, on a *prima facie* basis, pursuant to 28 U.S.C. § 2255(h)(2), that it is premised on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

First, Williams contends that the *Miller* rule is a new constitutional rule because the Supreme Court held for the first time that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. Second, Williams argues that the *Miller* rule was previously unavailable because both at the time of his final conviction in 1997 and his first § 2255 petition in 1998, mandatory life-without-parole sentences for juvenile offenders had not yet been declared unconstitutional. Third, Williams

asserts that the Supreme Court announced the *Miller* rule's retroactivity by applying it on collateral review. Also as he did in his *Graham* argument, Williams contends that the sole question at this stage is whether he has made a sufficient *prima facie* showing that *Miller* meets the elements of § 2255(h)(2) so as to warrant a fuller exploration by the district court. But he claims that if this court decides on a merits analysis, it will conclude that his sentence is unconstitutional under *Miller*. In support of this claim, he notes that he received a mandatory life-without-parole sentence and that he was sentenced for juvenile conduct.

As we noted in our *Graham* discussion above, our sole task is to determine whether Williams has made a *prima facie* showing that his *Miller* motion satisfies the necessary requirements of § 2255(h). The government agrees that *Miller* is retroactive to cases on collateral review. But the government argues that Williams cites *Miller* only to the extent it reaffirmed *Graham*, and no more. The government implies that *Miller* is a new rule with respect to juvenile homicide offenders, but that with respect to non-homicide juvenile offenders, such as Williams, *Miller* is not a new rule that was previously unavailable. In any event, argues the government, just as Williams does not actually rely on *Graham*, he does not actually rely on *Miller* because that case did not address life-without-parole sentences for defendants who entered a conspiracy in their juvenile years and exited in adulthood.

We do not agree that Williams has not made a *prima facie* showing that he relies on *Miller*. The government acknowledges that in *Miller* the Court noted that the cases at bar "implicate two strands of precedent": the *Graham* line of cases, *i.e.*, life without the possibility of parole for juveniles, and the *mandatory* imposition of sentencing cases. 132 S. Ct. at 2463. Since *Graham* concerned life-without-parole sentences and not, as in

*Miller*, *mandatory* life-without-parole sentences, we conclude that Williams has made a *prima facie* showing that in relying on *Miller* he is relying on a new rule of constitutional law as required by § 2255(h).  Williams has therefore made a *prima facie* showing that his *Miller* motion satisfies the necessary requirements for our certification.  Again, the government's question of whether the new rule in *Miller* extends to a prisoner like Williams, who entered a conspiracy in his juvenile years and exited it in adulthood, goes to the merits of the motion and is for the district court, not the court of appeals.

## CONCLUSION

Williams' motions filed under 28 U.S.C. § 2255(h) are certified for filing in the district court.  We express no opinion as to the merits of either motion.