**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 19a0498n.06

Case Nos. 17-4119/18-3010

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Sep 27, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| **17-4119** | | |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| ALEXANDER NATHANIEL PENN, | ) ) | STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF |
| Defendant-Appellant. | ) ) | OHIO |
| **18-3010** | ) ) | |
| ALEXANDER NATHANIEL PENN, | ) | |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent-Appellee. | ) | |

BEFORE: SUTTON, COOK, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Alexander Penn is serving five years in prison because he violated the conditions of his supervised release. Penn brought a § 2255 motion that could shorten his sentence by several years. The district court held that the motion was moot (we disagree). Penn also claims the district court should have sua sponte stayed his supervised release sentencing (we again disagree). Thus, we reverse in part and affirm in part.

I.

Back in 2006, Penn pled guilty to being a felon in possession of a firearm. Because of his criminal history, Penn received an enhanced punishment under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The district court sentenced Penn to a term of imprisonment followed by supervised release.

After Penn began his supervised release, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the residual clause of the ACCA unconstitutionally vague. *Johnson* cast doubt on whether Penn could continue to be treated as an armed career criminal. So Penn asked for permission to file a second § 2255 motion, arguing that he no longer had enough predicate offenses to qualify under the ACCA.

As this court considered his request, Penn separately pled guilty to robbing banks in Ohio and Pennsylvania. The district court heard about these new charges and scheduled a revocation hearing for Penn's felon-in-possession sentence. At the hearing, Penn admitted that he had violated his release conditions by committing several bank robberies but disputed the maximum sentence he faced.

Ordinarily, felons convicted of unlawfully possessing a firearm cannot spend more than two years in prison upon revocation of their supervised release. *See* 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(e)(3). Yet Penn faced a five-year statutory maximum because he was classified as an armed career criminal. *See id.* §§ 924(e)(1), 3559(a)(1), 3583(e)(3). Penn asked for a lenient sentence since his § 2255 motion might decrease his statutory maximum. But the district court was not persuaded. So it revoked Penn's supervised release and sentenced him to the maximum term—five years. And it made that term consecutive to his sentences for the bank robberies. Penn then appealed.

Meanwhile, this court granted Penn's request to file a second § 2255 motion and sent the matter back to the district court. Soon after, the district court denied the motion as moot. The district court reasoned it could not give any further relief on the felon-in-possession sentence because it had revoked that sentence. Again, Penn appealed.

This consolidated appeal raises two questions: Did the district court err when it decided that Penn's § 2255 motion was moot? And did the district court err by not sua sponte staying sentencing on Penn's supervised release violations?

II.

*Mootness*. The federal judiciary has the power to decide "Cases" and "Controversies." U.S. Const. art. III, § 2. This power reaches cases when a criminal defendant suffers an injury traceable to the government likely to be redressed by a favorable judicial decision. *United States v. Albaadani*, 863 F.3d 496, 502 (6th Cir. 2017). Otherwise, the case is moot.

Applying that tried-and-true test for mootness makes quick work of this issue. If Penn is not an armed career criminal, then his sentence will be shortened by several years. Spending more time in prison for an allegedly erroneous sentencing enhancement counts as an injury traceable to the government. And a favorable judicial decision would redress Penn's injury. Thus, Penn's claim is not moot.

The government insists that Penn's § 2255 motion is moot because, the government says, his "initial sentence" no longer exists. As the government sees it, "[t]he new sentence imposed upon revocation of Penn's supervised release extinguished the prior, underlying sentence" for the felon-in-possession conviction. Appellee Br. at 11. And because that sentence expired, his motion no longer matters. The government cites a single, unpublished case for support, *United States v. Roach*, 257 F. App'x 956 (6th Cir. 2007).

But "supervised release punishments" are "part of the penalty for the initial offense." *United States v. Haymond*, 139 S. Ct. 2369, 2379–80 (2019) (plurality opinion) (cleaned up). That makes sense. After all, treating revocation punishments as independent of the original sentence would raise serious constitutional concerns. Take the Double Jeopardy Clause. Defendants often have their supervised release revoked because of new criminal activity. Those defendants may then be criminally prosecuted for the *same* conduct that triggered the revocation of their supervised release (and thus face additional prison time). If revocation sentences were separate from the sentence underlying the original conviction, this practice might amount to double punishment for identical conduct. *See Johnson v. United States*, 529 U.S. 694, 700–01 (2000). But it doesn't because the revocation sentences are part and parcel of the sentence underlying the original conviction. *See United States v. Wheeler*, 330 F.3d 407, 412 (6th Cir. 2003). So the government's premise is wrong.

Nor does *Roach* change anything. For one thing, it is unpublished and thus not binding. *United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017). But more importantly, it is irrelevant here. Jeffrey Roach claimed on appeal that the district court imposed too long a period of supervised release. Copy of Order Revoking Supervised Release, *United States v. Roach*, No. 06-5448 (6th Cir. 2007), ECF No. 56 at 1 n.1. Roach's appeal became moot because the district court eliminated his supervised release, thereby curing the injury. *Roach*, 257 F. App'x at 956. That hasn't happened here. Penn is still considered an armed career criminal and, as a result, faces additional time in prison. Penn thus collaterally attacks a legal error infecting his original sentence and all future revocation punishments.

As a last resort, the government falls back on its argument that Penn's § 2255 motion is untimely. We decline to answer that question in the first instance. District courts should resolve

timeliness and equitable tolling issues because they can make a factual record to aid their decision making. *See generally In re McDonald*, 514 F.3d 539, 543–44 (6th Cir. 2008). Penn's motion may or may not be timely—for now, we will let the district court sort that out.

*Revocation of Supervised Release*. Penn separately argues that the district court erred when it did not stay his revocation sentencing on the supervised release violation until his § 2255 motion had run its course. In support, he cites some dicta from *United States v. Hall*, 735 F. App'x 188 (6th Cir. 2018). But three problems:

First, *Hall* is unpublished and thus not binding. *Yates*, 866 F.3d at 728. Second, *Hall* does not say that district courts *must* stay sentencing until the § 2255 motion is resolved; it simply says that they *may* do so. 735 F. App'x at 191–92. Finally, Penn never asked the district court to stay the proceedings. While district courts certainly have the power to stay revocation proceedings, Penn has pointed to no law showing they must do so sua sponte. So his argument on this front fails.

\*\*\*

We **REVERSE** the district court's determination that Penn's § 2255 motion is moot and **REMAND** for further consideration in his collateral proceedings. We **AFFIRM** the district court's revocation order in the direct appeal.