RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0018p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

IN RE: ROBIN RICK MANNING,

*Movant.*

No. 21-2682

On Motion for Leave to File a Second or Successive Habeas Corpus Petition.
United States District Court for the Western District of Michigan at Marquette.
No. 2:00-cv-00155—Gordon J. Quist, District Judge.

Decided and Filed:  January 5, 2022[*]

Before:  GUY, DONALD, and MURPHY, Circuit Judges.

_____

**COUNSEL**

**ON MOTION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION:** Robin Rick Manning, Baraga, Michigan, pro se.

The panel issued an order.  DONALD, J. (pg. 4), delivered a separate concurring opinion.

_____

**ORDER**

_____

Robin Rick Manning, a Michigan prisoner proceeding pro se, moves this court for an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2244(b).

In 1985, a jury in the Saginaw County Circuit Court convicted Manning of first-degree murder, carrying a weapon with unlawful intent, and possessing a firearm during the commission

---

[*]This decision was originally issued as a panel order on January 5, 2022.  The court has now designated the order for publication.

of a felony.  The trial court sentenced Manning to mandatory life imprisonment without the possibility of parole.  The Michigan appellate courts affirmed Manning's convictions.  *People v. Manning*, 450 N.W.2d 534, 542 (Mich. 1990).

Manning filed his first habeas petition in the Eastern District of Michigan in 1990.  Pet., *Manning v. Jabe*, No. 2:90-cv-73421 (E.D. Mich. Nov. 21, 1990).  The district court denied Manning's habeas petition, and this court affirmed.  *Manning v. Jabe*, No. 92-1424, 1993 WL 15128, at *1 (6th Cir. Jan. 26, 1993) (per curiam).  Manning subsequently filed another habeas petition in the Western District of Michigan.  Pet., *Manning v. Hawley*, No. 2:94-cv-0261 (W.D. Mich. Sept. 23, 1994).  The district court dismissed Manning's habeas petition as an abuse of the writ.  Manning appealed, and this court denied his motion for a certificate of probable cause. *Manning v. Hawley*, No. 95-1880 (6th Cir. Dec. 7, 1995) (order).  Since then, Manning has filed multiple motions for an order authorizing the district court to consider a second or successive habeas petition—all unsuccessful.

Manning again moves this court for an order authorizing the district court to consider a second or successive habeas petition.  *See* 28 U.S.C. § 2244(b).  We may authorize the district court to consider Manning's second or successive petition only if, as relevant here, he "makes a prima facie showing" that it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2244(b)(2)(A), (b)(3)(C).  Manning seeks to make this prima facie showing by relying on *Miller v. Alabama*, 567 U.S. 460 (2012).  *Miller* held that defendants "under the age of 18 at the time of their crimes" cannot be sentenced to a mandatory term of life imprisonment without the possibility of parole. *Id.* at 465.  The Supreme Court has since made clear that *Miller* announced a "new rule" of constitutional law that applies retroactively to cases on collateral review.  *See Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016).  In his motion, Manning asserts that he seeks to file a new habeas petition to *extend Miller*'s new rule to persons who (like Manning) were 18 years old at the time of their offense.

While a prima facie showing "is not a difficult standard to meet," *In re Lott*, 366 F.3d 431, 432 (6th Cir. 2004), petitioners cannot make this showing if their petition "relies on" a frivolous extension of the "new rule," *see In re Rosado*, 7 F.4th 152, 159 (3d Cir. 2021).  And a

petition seeks such a frivolous extension of the new rule if the extension is obviously foreclosed by precedent. *See id.* at 158–60.

That is the case here. *Miller*'s "new rule" unambiguously applies to only those who were *under* 18 at the time of their offense. 567 U.S. at 465. In fact, we have already held that "[f]or purposes of the Eighth Amendment, an individual's eighteenth birthday marks [a] bright line" between juveniles and adults. *United States v. Marshall*, 736 F.3d 492, 500 (6th Cir. 2013). *Miller*'s bright-line rule and this court's application of it foreclose Manning's proposed extension to those who were 18 years old at the time of their offense. Thus, Manning's petition does not show "possible merit" "warrant[ing] a fuller exploration by the district court." *Lott*, 366 F.3d at 432–33 (citation omitted). We have made the same point in many similar orders denying motions to file a second or successive habeas petition seeking an extension of *Miller* to those who were 18 or older at the time of their offense. *See, e.g.*, *In re McDonald*, No. 19-2114, 2020 U.S. App. LEXIS 4850, at *2–3 (6th Cir. Feb. 14, 2020) (order); *In re Brown*, No. 19-1954, 2019 U.S. App. LEXIS 38536, at *2–4 (6th Cir. Dec. 26, 2019) (order); *In re Maclin*, No. 19-1834, 2019 U.S. App. LEXIS 32627, at *1–3 (6th Cir. Oct. 30, 2019) (order); *In re Hurt*, No. 19-1598, 2019 U.S. App. LEXIS 25507, at *2–4 (6th Cir. Aug. 23, 2019) (order); *In re Bryant*, No. 19-1110, 2019 U.S. App. LEXIS 19018, at *2–3 (6th Cir. June 25, 2019) (order).

Accordingly, we **DENY** Manning's motion for an order authorizing the district court to consider a second or successive habeas petition.

_____

**CONCURRENCE**

_____

BERNICE BOUIE DONALD, Circuit Judge, concurring.  I concur with the result, but I write separately only to address the orders in *In re Smith*, No. 18-2418, 2019 U.S. App. LEXIS 12538, at \*2-4 (6th Cir. Apr. 25, 2019) and *In re Lambert*, No. 18-1726, 2018 U.S. App. LEXIS 25332, at \*2-4 (6th Cir. Sept. 5, 2018), on which I served as a panel member.  In *Smith* and *Lambert*, we granted a request like Manning's to file a second or successive habeas petition seeking to expand *Miller* to those who are 18 or older, reasoning that whether a new rule like *Miller* "extends to an applicant 'goes to the merits of the motion and is for the district court, not the court of appeals'" to decide.  *E.g.*, *Smith*, 2019 U.S. App. LEXIS 12538, at \*3-4 (quoting *In re Williams*, 759 F.3d 66, 72 (D.C. Cir. 2014)).  I do not believe the orders in *Smith* and *Lambert* were wrongly decided, and we certainly could have taken the same approach here.  However, as a matter of judicial efficiency, I agree with my colleagues that the better approach is to deny Manning's request to file a second or successive habeas petition because our precedent leaves no room for him to succeed on the merits.  *See Marshall*, 736 F.3d at 500.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk